■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES CROSSLEY, Respondent.—Order unanimously reversed on the law, motion denied, count one of the indictment reinstated and matter remitted to Onondaga County Court for further proceedings on count one of the indictment. Memorandum: The People appeal from that portion of an order which granted defendant's motion to dismiss the first count of a 38-count indictment. Count one charged defendant and two codefendants with conspiracy in the second degree based on their alleged agreement to commit the crimes of criminal sale or criminal possession of a controlled substance in the first or second degree. In dismissing that count, the court held that the evidence before the Grand Jury was legally insufficient to establish defendant's involvement in a conspiracy. We hold that the evidence was sufficient to permit the inference that defendant had entered into an unlawful agreement to distribute cocaine, and we therefore reinstate the first count of the indictment.

In order to support count one of the indictment, the evidence before the Grand Jury must establish all the elements of the crime of second degree conspiracy or some lesser included offense, and must demonstrate reasonable cause to believe that defendant committed such offense (see, CPL 190.65 [1]; 210.20 [1] [b]; 210.30 [1]). Thus, the Grand Jury minutes are sufficient if they show that defendant probably agreed to participate in or cause the commission of criminal sale or possession of cocaine in any quantity. The evidence before the Grand Jury rendered it more probable than not that defendant entered into an unlawful agreement with DeTomaso, Cristantiello and Paige to possess or sell cocaine. The evidence established that defendant purchased cocaine directly or indirectly from those individuals on at least four occasions, in quantities greater than would be required for

personal use. Additionally, the evidence showed defendant's awareness of and willing participation in the smuggling and distribution scheme. Defendant's knowledge and intent was demonstrated by his numerous contacts with DeTomaso; his questioning of DeTomaso concerning the details of his business, including volume and profit; his threats to buy cocaine from a source other than Paige; and his unsuccessful attempts to negotiate purchases directly from Owens, DeTomaso's and Cristantiello's former supplier and defendant's longtime friend. In sum, defendant's purchase of cocaine from his immediate suppliers establishes a tacit agreement between him and them. Moreover, defendant's acquaintance and repeated dealings with his suppliers' sources tend to establish that he had a tacit agreement with them as well. Thus, the evidence was sufficient to establish that defendant was a link in a chain conspiracy to smuggle and distribute cocaine. (Appeal from order of Onondaga County Court, Burke, J.— conspiracy, second degree.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.