■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLUS GIBSON, Appellant. [720 NYS2d 438] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Contrary to defendant's contention, County Court's *Sandoval* ruling allowing the prosecutor to cross-examine defendant about the facts underlying a prior conviction of endangering the welfare of a child was not an abuse of discretion (*see, People v Bennette*, 56 NY2d 142, 147-148). Defendant failed to object to the prosecutor's cross-examination of defendant and the prosecutor's comments during summation, and thus failed to preserve for our review his contentions concerning the alleged prosecutorial misconduct (*see*, CPL 470.05 [2]). Contrary to defendant's further contention, the cumulative effect of the alleged instances of prosecutorial misconduct did not deprive defendant of his right to a fair trial (*see, People v Rubin*, 101 AD2d 71, 77-78, *lv denied* 63 NY2d 711). Defendant further contends that this Court should direct reconstruction of an unrecorded bench conference that occurred during the prosecutor's cross-examination of defendant. Defendant's presence was not required at that bench conference because it involved only a question of law (*see, People v Rodriguez*, 85 NY2d 586, 590-591). Thus, there is no need for a reconstruction hearing. Finally, the fact that defendant was sentenced to a term of incarceration greater than that offered as part of a pretrial plea offer does not render the sentence unduly harsh (*see, People v Maddox*, 272 AD2d 884, 885, *lv denied* 95 NY2d 867; *People v Rogers*, 245 AD2d 1041, 1041-1042), nor is the sentence otherwise unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.