■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GRAY, Appellant. (Appeal No. 1.) [726 NYS2d 529] —Judgment unanimously affirmed. Memorandum: Defendant was separately charged in two indictments with conspiracy in the second degree (Penal Law § 105.15). One indictment related to the importation of cocaine into Rochester, and the other to the distribution of that cocaine. The indictments were consolidated for trial, and defendant was convicted of one count of conspiracy in the second degree and acquitted of the other. Defendant contends that the two counts of conspiracy in the second degree were multiplicitous (see, People v Nailor, 268 AD2d 695, 696). Defendant, however, did not move prior to consolidation to dismiss one of the conspiracy counts, and the indictments were consolidated for trial without objection. By failing to make a timely pretrial motion to dismiss on the ground that the two counts were multiplicitous and waiting until trial to object on that ground, defendant failed to preserve his contention for our review (see, People v Morey, 224 AD2d 730, 731, lv denied 87 NY2d 1022; see also, CPL 210.20 [1] [a]; [2]). In view of the fact that defendant was acquitted of one count, we decline to exercise our power to reach defendant's contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Conspiracy, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Burns, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GRAY, Appellant. (Appeal No. 2.) [725 NYS2d 509] —Judgment unanimously reversed on the law, motion granted and counts one and two of indictment No. 927/96 dismissed. Memorandum: We agree with defendant that the evidence adduced at trial is legally insufficient to establish his guilt of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), the evidence establishes that defendant, who was located in Rochester, telephoned his supplier in New York City and placed an order for a quantity of cocaine, which was seized before delivery and payment while en route to Rochester. The cocaine was found hidden in a secret compartment of a motor vehicle driven by an agent of the New York City supplier. Contrary to the People's contention, defendant is not

an accomplice to the driver's possession (*see,* Penal Law § 20.10). Defendant's solicitation of the cocaine was necessarily incidental to that possession, and application of Penal Law § 20.10 limits the culpability of defendant to that resulting from his own conduct (*see, People v Manini,* 79 NY2d 561, 569-572; *see also, People v Allen,* 92 NY2d 378, 383-384; *compare, People v Warren,* 66 NY2d 831), i.e., conspiracy in the second degree (*see, People v Gray,* 284 AD2d 1012 [decided herewith]).

The People further contend that defendant is guilty of possessing the cocaine under the theory of constructive possession. We disagree. Viewed in the light most favorable to the People (*see, People v Contes, supra,* at 621), the evidence establishes that the shipment was controlled exclusively by the New York City supplier and defendant was a customer without any control over the person in actual possession (*see, People v Manini, supra,* at 573). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Burns, JJ.