■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON WILLIAMS, Appellant. [730 NYS2d 598] —Judgment unanimously affirmed. Memorandum: The verdict finding defendant guilty of burglary in the second degree (Penal Law § 140.25 [2]) and lesser crimes is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant matched the description of one of the men seen breaking into the house. Moreover, the arresting officer saw defendant exiting the house, and defendant was apprehended following a foot chase during which the arresting officer never lost sight of defendant. When apprehended, defendant was in possession of the victim's remote control device and a butter knife that evidently had been used to pry a window from the rear door of the burglarized residence. Subsequently, defendant made an incriminating statement to the effect that he was guilty only of trespass. The fact that the sentence imposed after trial was more severe than that offered to defendant if he pleaded guilty does not render the sentence unduly harsh or severe (*see, People v Gibson,* 280 AD2d 903; *People v Everett,* 278 AD2d 885, 886, *lv denied* 96 NY2d 799). (Appeal from Judgment of Onondaga County Court, Aloi, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.