■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MOSES, Appellant. [737 NYS2d 748] —Appeal from a judgment of Steuben County Court (Furfure, J.), entered August 10, 1999, convicting defendant after a jury trial of conspiracy in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of conspiracy in the second degree (Penal Law § 105.15) and sentencing him to an indeterminate term of incarceration of 4 to 12 years. We reject defendant's contention that the evidence is legally insufficient to support the conviction (*see, People v Gray* [appeal No. 2], 284 AD2d 1012; *People v Rivera*, 281 AD2d 927,928, *lv denied* 96 NY2d 906; *People v Adams*, 185 AD2d 680, *lv denied* 80 NY2d 926; *see also, People v Crossley*, 168 AD2d 930; *People v Blase*, 112 AD2d 943, 944, *lv denied* 66 NY2d 761). Defendant's monetary contribution towards the co-conspirators' purchase of the drugs satisfies the overt act requirement. Moreover, defendant's knowledge and agreement that more than four ounces of cocaine would be possessed is inferable from the co-conspirators' actual purchase of 10 ounces and the expectation of defendant that he would receive one or two ounces in exchange for his relatively minor contribution of $900 to $1,300 out of a total anticipated purchase price of at least $7,000.

Defendant's reliance on the Court of Appeals' decisions in *People v Allen* (92 NY2d 378) and *People v Manini* (79 NY2d 561) is misplaced. Neither of those cases concerns a buyer's culpability for conspiracy. The conspiracy article, unlike the accomplice liability and solicitation articles, contains no exemption such as those codified in Penal Law §§ 20.10 and 100.20 and treated by the Court of Appeals in *Allen* and *Manini*, respectively. *Manini* endorses a prosecution for conspiracy

under these circumstances (see, People v Manini, supra at 566 n 2, 571-572). Moreover, in our recent decision in Gray (supra), which factually is closely analogous to this case, we approved the prosecution of a drug buyer for conspiring to bring about the commission of a crime of criminal possession of a controlled substance by a "mule" employed by a drug supplier (see, People v Gray, supra at 1012). If anything, the evidence is much stronger in this case, in which defendant did not merely order drugs and await their delivery, but personally contributed money toward their purchase.

The sentence is not unduly harsh or severe. Contrary to defendant's contention, the fact that the sentence imposed after trial was greater than that offered during plea negotiations does not render the sentence unduly harsh (see, People v Williams, 286 AD2d 858; People v Gibson, 280 AD2d 903, lv denied 96 NY2d 862). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Kehoe and Gorski, JJ.