■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJI D. REED, Appellant. [844 NYS2d 809]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered September 16, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (four counts), resisting arrest, harassment in the second degree, and aggravated unlicensed operation of a motor vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, four counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [3], [4], [5] [ii]). Defendant was observed driving a vehicle by two police officers, one of whom knew that defendant's driver's license was suspended. After the officers pulled over the vehicle and arrested defendant for driving without a license, the officers attempted to perform a pat-down search. Defendant resisted and, according to the testimony of the officers, defendant reached into his waistband during the course of the ensuing struggle and made a motion that indicated to the officers that he had thrown something toward the rear of the vehicle. Although neither officer observed anything in defendant's hand, both officers heard a sound that was similar to the sound of metal skidding along the ground, and one of the officers then found a handgun underneath the bumper of the vehicle. In view of the testimony of the officers, we reject the contention of defendant that the conviction of the four counts of criminal possession of a weapon is not supported by legally sufficient evi-

dence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant further contends that the evidence is legally insufficient to support the conviction under the third count of the indictment because the People failed to establish that he knew that the handgun had been defaced (*see* § 265.02 [3]), and he contends that the second through fifth counts of the indictment were multiplicitous. Defendant failed to preserve those contentions for our review (*see* CPL 470.05 [2]; *People v Gray* [appeal No. 1], 284 AD2d 1012 [2001], *lv denied* 97 NY2d 682 [2001]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Although we agree with defendant that County Court erred in refusing to suppress ammunition found in the vehicle driven by him, we conclude that the error is harmless. The remaining evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Fahey, JJ.