# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1129**

**KA 07-02083**

PRESENT: FAHEY, J.P., SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KAREEM DOWDELL, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (HANNAH STITH LONG OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered July 25, 2007. The judgment convicted defendant, upon a jury verdict, of conspiracy in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of conspiracy in the second degree (Penal Law § 105.15). Defendant contends that the conviction is not supported by legally sufficient evidence inasmuch as the evidence merely established that he purchased cocaine and the co-conspirator's testimony was not sufficiently corroborated. That contention is not preserved for our review because defendant did not move for a trial order of dismissal on those grounds (*see People v Carncross*, 14 NY3d 319, 324-325; *People v Gray*, 86 NY2d 10, 19). Defendant's contention also was not preserved for our review by his pretrial motion to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient to establish a conspiracy (*see generally People v Napolitano*, 282 AD2d 49, 52, *lv denied* 96 NY2d 866), nor was it preserved for our review by his post-trial pro se motion to set aside the verdict (*see generally People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).

In any event, we conclude that the conviction is supported by legally sufficient evidence. Although we agree with defendant that the crime of conspiracy requires an agreement to commit "some other[] substantive crime" (*People v Schwimmer*, 66 AD2d 91, 94, *affd* 47 NY2d 1004), the jury may find him guilty of conspiracy based on an agreement to purchase or possess illegal drugs (*see People v Moses*, 291 AD2d 814; *People v Gray* [appeal No. 2], 284 AD2d 1012, *lv denied* 97 NY2d 682). Viewing the evidence in the light most favorable to the

People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion that defendant conspired with one or more people to possess four ounces or more of cocaine and that the co-conspirator's testimony was sufficiently corroborated (*see generally People v Reome*, 15 NY3d 188, 191-192; *People v Bleakley*, 69 NY2d 490, 495).

Defendant's contention that he was unduly prejudiced by the theory of the prosecution is not preserved for our review (*see generally People v Iannone*, 45 NY2d 589, 600-601), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court