People v Jackson (2018 NY Slip Op 04204)





People v Jackson


2018 NY Slip Op 04204


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


687 KA 15-01432

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TOMMY JACKSON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 24, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, upon viewing the evidence in the light most favorable to the People, we conclude that the evidence is legally sufficient to establish that he possessed a loaded firearm outside of his home or place of business (see generally People v Danielson, 9 NY3d 342, 349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). A police officer and a civilian ride-along passenger testified that they observed defendant walk away and turn his body upon seeing the police vehicle in which they were riding, and they subsequently observed defendant reach toward his waistband area and make a throwing motion with his right arm. Moments later, the police officer retrieved a handgun from the area where any object thrown by defendant would have landed (see People v Recore, 56 AD3d 1233, 1234 [4th Dept 2008], lv denied 12 NY3d 761 [2009]; People v Reed, 45 AD3d 1333, 1333-1334 [4th Dept 2007], lv denied 10 NY3d 843 [2008]). "Despite the lack of forensic evidence, the People supplied the necessary proof through circumstantial evidence, i.e., eyewitness testimony and surrounding circumstances" (People v Butler, 148 AD3d 1540, 1540 [4th Dept 2017], lv denied 29 NY3d 1090 [2017] [internal quotation marks omitted]). We reject defendant's further contention that the verdict is against the weight of the evidence. Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contention that, in determining the sentence to be imposed, the court penalized him for exercising his right to a jury trial, inasmuch as defendant did not raise that contention at sentencing (see People v Stubinger, 87 AD3d 1316, 1317 [4th Dept 2011], lv denied 18 NY3d 862 [2011]). In any event, that contention is without merit. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial . . . , and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial" (id. [internal quotation marks omitted]). Finally, the sentence is not unduly harsh or severe.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court