OPINION OF THE COURT
Memorandum.
The order of County Court, Steuben County, should be affirmed.
Defendant was charged by misdemeanor information with issuing a bad check in violation of subdivision 1 of section 190.05 of the Penal Law. On his appeal, he alleges that the information is jurisdictionally defective because it does not “contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15, subd 3) that at the time he uttered the check he knew he had insufficient funds and that he believed or intended that payment would be refused.
It is undisputed that the information states the nonwaivable jurisdictional predicate to a valid criminal prosecution, i.e., the offense with which defendant is charged, each element thereof and that defendant committed it (see People v Hall, 48 NY2d 927, 928; People v Case, 42 NY2d 98, 99; see, also, CPL 100.40, subd 1). Contrary to defendant’s contention, the information also sets forth sufficient evidentiary facts by alleging that defendant knew of his insufficient funds and intended or believed payment would be refused. This fulfilled the twofold purpose of an information, which is to inform defendant of the nature of the charge and the acts constituting it so that he may prepare for *733 trial and protect himself from being tried again for the same offense (see CPL 100.15, subd 3; People v McGuire, 5 NY2d 523, 526). The People’s proof on these issues was properly left for trial. People v Shapiro (61 NY2d 880) is not to the contrary. The information in that case contained a mere five-word factual allegation that defendant failed to keep left and omitted the essential allegation that the driver’s view was obstructed so as to create a hazard (see Vehicle and Traffic Law, § 1125, subd [a], par 1).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.