OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on an appeal from an order of dismissal from City Court of the City of Rochester. The Honorable Herman J. Walz dismissed four counts of issuing a bad check charged against the respondent, apparently for legal insufficiency of the information. Each of the informations are similar and provide allegations that the complainant received a check from respondent who tendered and delivered that check and that when the check was presented for collection and *727 payment was demanded, payment was refused for insufficient funds in the case of three informations and account closed in the case of a fourth information. The informations further allege that the check was protested for nonpayment and a copy of the check and a certificate of protest were attached to the information. The attached checks in each of the informations were either stamped, "referred to maker” or "returned because of NSF” (not sufficient funds) (see, Penal Law § 190.00 [7]). Various bank stamps appear on the checks, including specific dates of presentment.
The elements of the crime of issuing a bad check are set forth in Penal Law § 190.05. They are simply the following elements: (1) that the respondent uttered the check in question (see also, 3 CJI[NY] PL 190.05 [1], at 1279); (2) that when the respondent uttered the check, the respondent knew that she did not then have sufficient funds (or that she had no account) with her bank to cover the check; (3) that when the respondent uttered such check, the respondent intended or believed that payment would be refused by her bank upon presentation; and (4) that the payment was, in fact, refused by the bank upon presentation.
The Penal Law provides for certain legal presumptions which apply to this case as follows:
"When the drawer of a check has insufficient funds with the drawee to cover it at the time of utterance, the subscribing drawer or representative drawer, as the case may be, is presumed to know of such insufficiency. * * *
"Dishonor of a check by the drawee and insufficiency of the drawer’s funds at the time of presentation may properly be proved by introduction * * * of a notice of protest * * * and such proof shall constitute presumptive evidence of such dishonor and insufficiency” (Penal Law § 190.10 [1], [3]).*
The lower court in this case imposed an additional requirement that is not contained in a fair reading of the statute. The Court of Appeals provides guidance as to the sufficiency of the information to satisfy CPL 100.40 and implicitly answers the question of legal sufficiency pursuant to CPL 100.15 (3) (People v Miles, 64 NY2d 731). A careful review of the check and the notice of protest provides more than sufficient infor *728 motion to satisfy the requirement of nonhearsay allegations and legally sufficient allegations pursuant to CPL article 100.
The lower court’s decision seems to turn on the question of the date which more properly could be raised as an argument by defense counsel on trial and has no bearing whatsoever on the legal sufficiency of the information which contains non-hearsay information in the attachments to the information, i.e., the check and notice of protest.
The court indicates in its decision that there should be a statement from the bank regarding the status of the account on the date the check was issued. That flies in the face of the presumption provided for under article 190 of the Penal Law and also of the Federal law which generally prohibits revealing information regarding the content of the account (12 USC §§ 3402, 3403).
Therefore, the decision of the Honorable Herman J. Walz is set aside, the order vacated and the informations are reinstated. The matter is remanded for further proceedings on the informations.

 Notice of protest is defined by UCC 3-509 (1) as "[a] protest is a certificate of dishonor made under the hand and seal of * * * a notary public or other person authorized to certify dishonor by the law of the place where dishonor occurs.” (See also, UCC 3-507.)