92 N.Y.2d 378 (1998)
703 N.E.2d 1229
681 N.Y.S.2d 216
The People of the State of New York, Respondent,
v.
Christopher Allen et al., Appellants.
Court of Appeals of the State of New York.
Argued and submitted September 16, 1998
Decided October 22, 1998.
Edward J. Nowak, Public Defender of Monroe County, Rochester, for Christopher Allen and others, appellants.
Mark F. Cianca, Rochester, for Daniel Giallombardo, appellant.
Harris Beach & Wilcox, Rochester (Michael J. Masino of counsel), for Brandon McPhee, appellant.
Cerulli and Massare, Rochester (Matthew R. Lembke of counsel), for Emily Vega, appellant.
Howard R. Relin, District Attorney of Monroe County, Rochester (Thomas Rainbow Morse of counsel), for respondent.
Chief Judge KAYE and Judges LEVINE and CIPARICK concur with Judge SMITH; Judge BELLACOSA concurs in result in a separate opinion in which Judge WESLEY concurs.
*380 SMITH, J.
In these 54 criminal cases, combined for the purposes of this appeal, we consider what effect, if any, the exemption provision under Penal Law § 100.20 has on the prosecution of these similarly situated defendants. In each of the cases the trial court concluded that application of the exemption statute was required and, as a result, that dismissal in all cases was warranted. On appeal, that decision was reversed and the accusatory instruments were reinstated. The defendants were granted leave to appeal by several of the Judges of this Court, and, *381 upon our full consideration, we conclude, under the facts presented here, that the exemption statute must be applied. Any further prosecution of these criminal cases is therefore precluded.[1]
Each of the cases is factually similar and identically charged. The arrests themselves resulted from a series of "reverse sting" operations conducted by the Rochester City Police Department during April of 1995. In the undercover operation, police officers posed as street marihuana dealers in an effort to lure "would-be" buyers into their sting. Rather than offer actual marihuana, the officers surreptitiously used only oregano. Notwithstanding, the undercover operation itself was a remarkable success.
Following each exchange of cash for oregano, the "would-be" buyer was arrested and charged with criminal solicitation in the fifth degree, a violation and not a crime under Penal Law § 100.00. Prior to trial, the defendants moved the Rochester City Court to dismiss the solicitation charges and the accusatory instruments. In support, the defendants argued that their conduct of attempting to purchase marihuana fell within the meaning of the Penal Law's solicitation exemption statute (Penal Law § 100.20). Therefore, the defendants urged that a legal impediment existed and barred their prosecution on charges of solicitation. The trial court agreed and dismissed the charges and the accusatory instruments.
On appeal, the County Court of Monroe County reversed and reinstated the charges. In ruling, County Court concluded that the defendants' conduct did not fall within the meaning of the solicitation exemption statute because their conduct was not of a kind which is "necessarily incidental" to the crime which they had intended to solicit. Thus, County Court ruled that application of the exemption was not required, and that the 54 criminal cases need not fail. We granted the defendants leave to appeal.
Penal Law § 100.00 reads as follows:
"A person is guilty of criminal solicitation in the fifth degree when, with intent that another person engage in conduct constituting a crime, he solicits, requests, commands, importunes or otherwise attempts to cause such other person to engage in such conduct."
*382 Two of the elements of a violation of criminal solicitation in the fifth degree are: (1) the soliciting party must possess a specific intent that another person engage in conduct constituting a crime; and (2) there must be an affirmative solicitation, request, command or some other type of attempt aimed at causing such other person to commit such crime. Even where the elements of solicitation are properly pleaded and charged, by legislative command of Penal Law § 100.20, the initial inquiry of the court has not altogether come to an end.
Entitled "Criminal solicitation; exemption", Penal Law § 100.20 states:
"A person is not guilty of criminal solicitation when his solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the crime solicited. When under such circumstances the solicitation constitutes an offense other than criminal solicitation which is related to but separate from the crime solicited, the actor is guilty of such related and separate offense only and not of criminal solicitation."
Thus, the statute requires that a court search beyond the four corners of the accusatory instrument and decide whether or not the charged conduct falls within reach of the exemption language. In cases where it is found that the exemption statute applies, a legal impediment to conviction exists. Where a related but separate crime is found to exist, prosecution of the related but separate crime may proceed to the fullest extent of the law. However, it is by falling into this class of legislatively exempted cases that the 54 prosecutions at issue in this case fail.
In the instant cases, the People urge that the solicitation exemption should not apply in that the defendants' conduct was not necessarily incidental to the commission of a criminal sale of marihuana. In support, the People direct our attention to People v Lubow (29 N.Y.2d 58), where it was stated that the criminal solicitation statutes were enacted to fill the gap created when conduct falls short of an attempt to commit a crime, but "`involves sufficient culpability to warrant criminal sanctions'" (People v Lubow, 29 NY2d, at 65). While such a pronouncement still rings as true today, this in no way serves to explain away the Legislature's enactment of the solicitation exemption statute. Moreover, such a pronouncement does not offer this Court a haven from our duty to see that the Legislature's *383 commands are properly carried out. In matters of statutory construction, "`legislative intent is "the great and controlling principle"', and our proper judicial function is to `discern and apply the will of the Legislature'" (Matter of Scotto v Dinkins, 85 N.Y.2d 209, 214, quoting Matter of Sutka v Conners, 73 N.Y.2d 395, 403).
Some lower courts have previously held that section 100.20 can be interpreted to apply only in circumstances where there exists a related but separately chargeable criminal offense (see, People v Barnes, 170 Misc 2d 979 [interpreting People v Manini, 79 N.Y.2d 561]; People v Spencer, 66 Misc 2d 658). Our review of the statute does not allow us to reach the same conclusion.
As the "would-be" buyers in these cases, the defendants are accused of soliciting the occurrence of a criminal sale of marihuana. In a typical criminal sale of marihuana, the existence of a willing buyer is a prerequisite to the commission of the completed crime. At a minimum, a criminal sale of marihuana requires the existence of some interrelationship as between the seller and another person (see, Penal Law §§ 221.00, 220.00 [1]). While it may be true that under Penal Law § 220.00 (1), liability for a criminal sale can arise upon a mere disposal, offer or agreement to sell, that Penal Law provision focuses upon the conduct of the seller. Here, conversely, the exemption statute commands the court to focus upon the conduct of the soliciting party. Upon examination of the conduct engaged in by these defendants, it is clear that a criminal sale of marihuana could not have occurred but for their direct participation. Therefore, their conduct was necessarily incidental to the commission of the completed crime.
In People v Manini (supra), this Court was faced with the interpretation of a similar Penal Law exemption statute, Penal Law § 20.10.[2] Although Manini dealt with accomplice liability, as opposed to liability for solicitation, the exemption statute dealt with there is similar to the one here in that both statutes exempt from liability conduct which is "necessarily incidental" to the commission of the underlying crime or offense. There, interpreting Penal Law § 20.10, we concluded that in a prosecution *384 against a buyer for his or her criminal possession of the controlled substance bought, the "necessarily incidental" language of the exemption statute forbade the imposition of liability upon the seller as an accomplice to the possessory offenses of the buyer. We reasoned in Manini that "it is far more likely that the purchaser's possession resulted from a sale" (People v Manini, supra, at 571), and in these cases conclude that similar reasoning applies. Therefore, following the occurrence of a marihuana sale, the seller is criminally liable for the sale and the buyer is criminally liable for the resulting possession. By command of Penal Law § 100.20, however, neither is liable for the solicitation of the other.
It should be noted that in the "Marihuana Reform Act of 1977" (L 1977, ch 360), the Legislature excluded marihuana, except concentrated cannabis, from within the definition of controlled substances. Moreover, the Legislature's intent in its passage of the Act was to "reduce the penalties for possession and sale of marihuana and in particular to `decriminalize' the possession of a small amount of marihuana for personal use" (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 221, at 84). Such a goal is inapposite to the exposure of smaller quantity purchasers, such as the ones we deal with here, to the harsher penalties imposed upon those convicted of criminal solicitation. By this, we do not mean to suggest that in a case where a third party is charged with soliciting the occurrence of a marihuana transaction between two other individuals, that the third party might not properly be subject to the penalties imposed for a criminal solicitation. But, under the facts of these cases, an illogical result would be achieved were we to hold that a person charged in a foiled attempt to purchase noncriminal amounts of marihuana (see, Penal Law § 221.05 et seq.) is subject to a harsher penalty than could be imposed upon one guilty of an actual purchase and possession of marihuana. If such a result was intended by the Legislature, the purchase of marihuana could have been criminalized in article 220 of the Penal Law. Or, in the alternative, the exemption statute under Penal Law § 100.20 could affirmatively compel the court to reach such a result.
Finally, we briefly address the defendants' remaining contentions that the 54 accusatory instruments suffer from a jurisdictional defect. The first of these claims rests upon the premise that the allegations in the accusatory instruments are averred in a wholly conclusory manner. Thus, the defendants claim that the accusatory instruments fail to meet the requirements *385 of the Criminal Procedure Law. Each of the 54 accusatory instruments is identical and, in substance, alleges:
"THAT YOUR COMPLAINANT IS A POLICE OFFICER EMPLOYED BY THE ROCHESTER POLICE DEPARTMENT, AND THAT ON THE ABOVE DATE, TIME AND AT THE ABOVE STATED LOCATION, THE ABOVE NAMED DEFENDANT(S), WITH INTENT THAT ANOTHER PERSON ENGAGE IN CONDUCT CONSTITUTING A CRIME, HE SOLICITED, REQUESTED, COMMANDED, IMPORTUNED OR OTHERWISE ATTEMPTED TO CAUSE SUCH OTHER PERSON TO ENGAGE IN SUCH CONDUCT, TO WIT: THE DEFENDANT DID SOLICIT AN UNDERCOVER POLICE OFFICER TO SELL THE DEFENDANT MARIHUANA."
In ruling on the merits of this same challenge, the trial court concluded that although the factual allegations in the accusatory instruments could be described as "bare boned", they were legally sufficient to support the solicitation charges. We agree. The factual allegations are sufficiently evidentiary in character and tend to support the Penal Law charges. Furthermore, the allegations establish reasonable cause to believe and a prima facie case that the defendants are guilty in their commission of the crime (see, CPL 100.15 [3]; 100.40 [1] [c]; People v Alejandro, 70 N.Y.2d 133). At the pleading stage, nothing more is required, and we thus reject the defendants' argument that the requirements of the Criminal Procedure Law have not been met.
We further reject the defendants' argument that an accusatory instrument charging the crime or offense of solicitation is required to contain a specifically enumerated Penal Law section or statutory degree of the crime charged as having been solicited. In the circumstances of this case, since any sale of marihuana is a crime, no further or more specific allegations were required. No "noncriminal" sale of marihuana could have been intended to occur. Thus, we find that the solicitation charges were satisfactorily pleaded, and thus conclude that the trial court was correct to deny the defendants' motions on these grounds.
Accordingly, the order of the County Court should be reversed, and the order of the Rochester City Court reinstated.
BELLACOSA, J. (concurring).
Respectfully, I concur only in the result on a narrower basis than the majority opinion adopts.
A reversal and dismissal of charges are warranted, in my *386 view, solely for the reason that any other outcome in these cases would produce an anomalous and absurd statutory interpretation of Penal Law §§ 100.00 and 100.20, that would be substantially at odds with the Legislature's directed goal in chapter 360 of the Laws of 1977 (The Marihuana Reform Act).
The majority's rationale seems to me to permit, theoretically and precedentially, a more expansive availability of the exemption provision (Penal Law § 100.20) in other criminal solicitation scenarios not presented by the uniform fact pattern of these cases. Since I conclude that a wider rationale is not necessary to the resolution of these cases and could produce unwarranted implications and outcomes in different future cases, I vote to reverse on the narrowest possible basis.
Order reversed, etc.
NOTES
[1] Our decision today is not intended to affect any of the additional unrelated criminal charges which might be pending against these 54 individuals.
[2] Penal Law § 20.10 provides that "a person is not criminally liable for conduct of another person constituting an offense when his own conduct, though causing or aiding the commission of such offense, is of a kind that is necessarily incidental thereto. If such conduct constitutes a related but separate offense upon the part of the actor, he is liable for that offense only and not for the conduct or offense committed by the other person."