OPINION OF THE COURT
Neil E. Ross, J.
The defendant is charged in an information with prostitution, in violation of Penal Law § 230.00. In an omnibus motion, she moves to dismiss the information on the ground that it is not sufficient on its face.
The information is a preprinted form. On top, it provides blank spaces for the name of the defendant and the deponent, and the date, time and place of the offense. In the center is the *238 accusatory part that states the elements of the offense as set forth in the statute. Also in the center of the form is the factual part of the instrument that states “Deponent states that while deponent was acting as an undercover officer the defendant agreed to engage in sexual conduct with the deponent, which was a) fellatio, b) sexual intercourse, c) masturbation with informant, in exchange for_U.S. Currency.” The form instructs the deponent to “circle one” form of sexual conduct.
At the bottom of the form is the form notice described in CPL 100.30 (1) (d), and a space for the deponent’s signature and the date.
The deponent here is Undercover Officer No. 7137 of “MNVES,” who alleges that the offense took place at 5:05 p.m. on March 1, 2001 at 37 East 64th Street, room 508. The undercover officer circled “sexual intercourse” in the center of the form, wrote $700 in the space provided for the amount of currency, and signed and dated the form at the bottom.
The defendant argues that the information is not sufficient on its face because it alleges in conclusory language that she “agreed” to engage in sexual conduct without specifying how she manifested her assent. The People answer in general terms that the information is sufficient on its face.
The requirements for the factual part of an information are set forth in CPL 100.40. The information must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charge (CPL 100.40 [1] [a]; 100.15 [3]). In addition, together with the allegations in any supporting depositions, it must provide reasonable cause to believe that the defendant committed the offense charged, and set forth nonhearsay allegations that establish, if true, every element of the offense charged and the defendant’s commission of it (CPL 100.40 [1] [b], [c]). This motion is addressed principally to the first requirement.
A person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee (Penal Law § 230.00). Therefore, as relevant to this motion, the factual part of the information must allege facts of an evidentiary nature demonstrating reasonable cause to believe, and establishing prima facie, that the defendant agreed to engage in sexual conduct in return for a fee.
The leading case on the requirement of evidentiary facts is People v Dumas (68 NY2d 729 [1986]), where the Court of Ap *239 peals reinstated orders of the criminal court that dismissed two misdemeanor complaints charging the defendants with criminal sale of marijuana in the fourth degree. In each complaint, an undercover police officer alleged in the factual part that the defendant knowingly and unlawfully sold marijuana to the undercover officer for United States currency. The Court agreed with the criminal court that the allegation that the substance sold was marijuana was a conclusion, not an evidentiary fact as required by CPL 100.40 and 100.15.
Some lower courts view People v Dumas as support for the proposition that a factual allegation tracking the language of the statute is conclusory and renders the accusatory instrument facially insufficient. However, such an expansive interpretation of Dumas is not warranted by the facts of the case or by appellate authority. As used in Penal Law article 221, which contains the marijuana offenses, “marijuana” has a specific composition which is described in section 3302 (5) and (21) of the Public Health Law. Before the Court in Dumas was a misdemeanor complaint that ignored that definition and provided no evidentiary support for the police officer’s conclusion that the substance sold was marijuana. As the Dumas Court explained, without those underlying facts, a court would have no way of determining whether the defendant should be held for further action.
There is significant appellate case law to the effect that an allegation that mirrors the language in a statute may be sufficiently evidentiary in character to satisfy the Criminal Procedure Law. In People v Miles (64 NY2d 731 [1984]), in an information charging the defendant with issuing a bad check, it was alleged in language that essentially repeated the language of the statute, that at the time he uttered the check he knew he had insufficient funds and that he believed or intended that payment would be refused.
The Court of Appeals rejected the defendant’s claim that the allegations were unacceptably conclusory. In the Court’s view, the allegation was sufficiently evidentiary and “fulfilled the twofold purpose of an information, which is to inform defendant of the nature of the charge and the acts constituting it so that he may prepare for trial and protect himself from being tried again for the same offense * * * The People’s proof on these issues was properly left for trial” (id., at 732-733).
In People v Ortiz (146 Misc 2d 594 [App Term, 2d Dept 1990]), the deponent alleged in the information that he observed the defendant in possession of a quantity of heroin. *240 On appeal from a judgment of conviction of criminal possession of a controlled substance in the seventh degree, the defendant argued that the information was jurisdictionally defective because “in possession” was conclusory rather than evidentiary.
Appellate Term disagreed with the defendant’s claim. Relying on Miles and borrowing its language, the court determined that the allegation was sufficiently evidentiary so as to satisfy CPL 100.15, and that proof as to the nature of the defendant’s possession should await trial.
To the same effect is People v Allen (92 NY2d 378 [1998]), where the defendants also complained that the factual parts of the informations charging them with criminal solicitation in the fifth degree were wholly conclusory and failed to specify what the defendants allegedly did which would constitute the offense (see, People v Agnello, 165 Misc 2d 855 [Rochester City Ct 1995]). In those informations, which arose from “reverse sting” operations designed to lure would-be marijuana buyers into making purchases, it was alleged in pertinent part that “with INTENT THAT ANOTHER PERSON ENGAGE IN CONDUCT CONSTITUTING A CRIME, HE SOLICITED, REQUESTED, COMMANDED, IMPORTUNED OR OTHERWISE ATTEMPTED TO CAUSE SUCH OTHER PERSON TO ENGAGE IN SUCH CONDUCT, TO WIT: THE DEFENDANT DID SOLICIT AN UNDERCOVER POLICE OFFICER TO SELL THE DEFENDANT marihuana.” (People v Allen, at 378-379 [internal quotation marks omitted].)
The Court recognized that the factual allegations were “bare boned,” but nevertheless sufficiently evidentiary in character and tended to support the Penal Law charges. “At the pleading stage,” the Court observed, “nothing more is required.” (People v Allen, at 385.) Although the Court considered the facial sufficiency issue after it invoked the exemption to criminal solicitation provision contained in Penal Law § 100.20, and precluded further prosecution of the actions, its ruling is nevertheless persuasive evidence that Miles and Ortiz remain viable.
There is a sound basis for distinguishing the factual allegations here from the allegations in Dumas, but there is no significant difference between these allegations and the allegations in Ortiz, Miles and Allen. The marijuana in issue in Dumas is a substance with a specific chemical composition that requires expert testimony to identify (People v Kenny, 30 NY2d 154 [1972]). The officer there alleged that the defendant sold “marijuana” without offering the basis for his conclusion.
By contrast, the term “agreed,” like “in possession” and “solicits,” has a plain, ordinary and common meaning which is *241 by itself sufficiently descriptive to inform the defendant of what conduct allegedly violated the Penal Law. Although these terms are “bare boned” in that all borrow statutory language, that quality alone is not sufficient to defeat the accusatory instrument (People v Allen, supra). Giving “agreed” its ordinary, common meaning, the undercover officer alleged that the defendant communicated “yes” to the undercover officer’s offer of sexual intercourse. That is all that is required for pleading purposes. The specific manner in which the defendant manifested her assent is a matter for trial.
In support of her motion, the defendant cites People v A. S. (179 Misc 2d 569 [Crim Ct, NY County 1998]), where Criminal Court dismissed an information charging prostitution whose factual part alleged, as here, that the defendant “agreed” to engage in sexual conduct for United States currency. The court reasoned that this allegation was conclusory because it neither described acts that manifested “mutual assent,” nor established the defendant’s ability and intent to enter into an agreement, as would be required for a conviction of conspiracy under article 105, and of criminal sale of a controlled substance under article 220 of the Penal Law.
The analysis in People v A. S. is not persuasive. The court’s conclusion that the information is insufficient because it does not allege how the defendant manifested assent contradicts the holdings in Ortiz and Miles. Most important, however, it is at odds with Allen, decided after A. S., where the Court of Appeals considered, and rejected, the identical argument. Moreover, in insisting that the information establish the defendant’s ability or intent to complete the transaction, the A. S. court relied on principles borrowed from the law of conspiracy and controlled substances which are not applicable here.
In the law of conspiracy, as a matter of statute, a person cannot be convicted of conspiracy unless an overt act is alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy (see, Penal Law § 105.20). There is no similar provision in article 230.
The requirement that the People establish on their direct case that a defendant charged with offering or agreeing to sell a controlled substance had the ability to consummate the sale of a controlled substance is peculiar to the law of controlled substances. For purposes of article 220, “sell” includes offering or agreeing to sell a controlled substance, but does not require proof of consideration. The Legislature tailored the definition to the drug marketplace where intermediaries typically act as *242 brokers between sellers and buyers without exchanging money (People v Starling, 85 NY2d 509, 514-515 [1995]). Under these circumstances, to ensure that the agreement or offer to sell the controlled substance is commercial, not casual, case law has imposed the requirement of proof of a bona fide offer or agreement to sell, an ability and intent on the part of the defendant to complete the transaction (People v Lawson, 84 Misc 2d 24 [Sup Ct, NY County 1975]).
By contrast to the definition of “sell” contained in article 220 of the Penal Law, section 230.00 defines the crime of prostitution as an agreement or offer to engage in sexual conduct “in return for a fee.” (Penal Law § 230.00.) Accordingly, by definition, the crime of prostitution requires proof of consideration and thereby encompasses only behavior with a clear commercial purpose. Under these circumstances, it is not necessary to impose an additional requirement of proof of intent and the ability to proceed.
For these reasons, the court declines to follow People v A. S.
In conclusion, the allegation that the defendant “agreed” to engage in sexual intercourse with the undercover officer in exchange for $700 is sufficiently evidentiary in character and tends to support the charge of prostitution. The motion to dismiss is denied.