OPINION OF THE COURT
Elisa S. Koenderman, J.
The defendant, Randolph Santos, is charged with two counts of criminal possession of a forged instrument (Penal Law § 170.20). The defendant has moved in an omnibus motion for *521 the following: (1) dismissal for facial insufficiency; (2) a Mappl Dunaway hearing; (3) preclusion of any admissions, confessions or statements alleged to have been made by defendant at any time; (4) preclusion of any identification testimony concerning defendant; and (5) a Sandoval hearing.
Defendant’s motion is decided as follows.
Facial Sufficiency
The accusatory instrument, in pertinent part, charges defendant with the commission of the aforementioned crime on June 16, 2007, shortly after midnight, at West 34th Street and Eighth Avenue in the County of New York, State of New York under the following circumstances: Deponent states that deponent observed defendant bend two MetroCards in a location on the magnetic stripe (which contains encoded information) in a way that obliterates the encoded data and alters the value of the MetroCard as read at the turnstiles. Deponent further states that deponent recovered said two bent MetroCards from the defendant’s right hand.
An information is facially sufficient if it meets three requirements. First, it must substantially conform to the formal requirements of CPL 100.15. Additionally, the factual portion and any accompanying depositions must provide reasonable cause to believe the defendant committed the offense charged, as well as nonhearsay factual allegations of an evidentiary character which, if true, establish every element of the offense charged and defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]).
While the requirement of nonhearsay allegations (the “prima facie” requirement) has been described as a “much more demanding standard” than a showing of reasonable cause alone (People v Alejandro, 70 NY2d at 138, quoting 1968 Report of Temporary Commn on Rev of Penal Law and Criminal Code, Introductory Comments at xvii), it is nevertheless a much lower threshold than the burden of proof beyond a reasonable doubt at trial (People v Henderson, 92 NY2d 677, 680 [1999]; People v Hyde, 302 AD2d 101 [1st Dept 2003]). Thus, “[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged” (People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept 2005]). Additionally, where the factual allegations contained in an information “give *522 an accused sufficient notice to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569 [2004]; People v Jacoby, 304 NY 33, 38-40 [1952]; People v Knapp, 152 Misc 368, 370 [1934], affd 242 App Div 811 [1934]; People v Shea, 68 Misc 2d 271, 272 [1971]; People v Allen, 92 NY2d 378, 385 [1998]; People v Miles, 64 NY2d 731, 732-733 [1984]).
Motion to Dismiss the Information
Defendant argues that the information is facially insufficient on two bases. First, he argues, in sum, that the information fails to fulfill the “reasonable cause” requirement for accusatory instruments because the factual portion thereof does not set forth the basis for the arresting officer’s conclusion that the MetroCards were bent in a manner which would allow unpaid passage through the subway turnstile. Simply put, it is defendant’s contention that because the facts as alleged include neither the arresting officer’s training or experience in identifying forged documents, nor any surrounding facts and circumstances (such as actual fraudulent use of the bent MetroCards in a subway turnstile scanner), the information is, therefore, facially insufficient.
Defendant secondarily argues that the information fails to meet the “prima facie case” requirement in that it does not allege facts which, if true, establish every element of the crime charged in that the information fails to set forth facts which establish the essential elements of intent and knowledge. Defendant argues that the simple allegation that he possessed and bent two MetroCards, without more, does not provide sufficient nonhearsay allegations of an evidentiary character which, if true, establish that defendant had the requisite knowledge that the MetroCard was a forged instrument, or the intent to defraud, deceive or injure another, both of which are essential elements of the offense charged.
The court is unpersuaded on both points, and finds that the instant information is facially sufficient, inasmuch as it substantially conforms to the statutorily prescribed form and content (which requirement is not presently in dispute) and contains allegations in the factual portion that provide reasonable cause to believe defendant committed the offenses charged, as well as nonhearsay allegations, which, if true, establish every *523 element of the offense charged and defendant’s commission thereof.
Reasonable Cause
Defendant first argues that the information is facially insufficient because the factual portion of the information fails to allege that the arresting officer was trained or experienced in identifying forged instruments. Defendant relies primarily on two cases, People v Guzman (docket No. 2006NY018460, Crim Ct, NY County, Apr. 25, 2006, Kennedy, J. [hereinafter Guzman 7]) and People v Guzman (docket No. 2006NY0193242, Crim Ct, NY County, Apr. 25, 2006, Kennedy, J. [hereinafter Guzman 77]). In both of these two cases, the same defendant was charged with criminal possession of a forged instrument. In Guzman 7, defendant was observed walking through an exit gate into the subway system, and upon his arrest, two bent MetroCards were recovered from his pocket. In Guzman 77, defendant was observed picking up 10 MetroCards from the ground and bending them on the electronic stripe. In each case, the court granted defendant’s motion seeking dismissal, finding that the information was facially insufficient because no basis was set forth for the arresting officers’ conclusions that the MetroCards were bent in such a way as to permit entry into the subway station without paying the required fare. Specifically, the court noted that the People did not allege that the officer had any training or experience in forged instruments.
This court respectfully declines to adopt the reasoning of the Guzman decisions on this point, and instead finds that the absence of factual allegations concerning the officer’s training or experience concerning forged instruments does not render the information in this case facially insufficient, for the following reasons.
First, there is no controlling authority for the proposition that an information charging criminal possession of a forged instrument must always include allegations concerning an officer’s training and experience. Various lower courts have considered a variety of factual allegations in assessing whether or not such informations are facially sufficient, but there is no bright line requirement for such a pleading. For example, in People v Dixson (9 Misc 3d 358 [Crim Ct, NY County 2005]), the court denied defendant’s motion to dismiss for facial insufficiency where the complaint did allege that the officer had training and experience in identifying forged instruments, but ad *524 ditional relevant facts were alleged as well, and the court did not specify which, if any of them in particular, were determinative of the issue. (Significantly, the complaint in Dixson did not allege that the defendant was ever observed while actually engaged in the act of bending the MetroCards; rather, he was observed possessing MetroCards that were already bent, and using them to admit individuals through the subway turnstiles after they paid him one dollar. Where a defendant is not observed actually bending the magnetic stripes of MetroCards, and thereby falsely altering them, additional factual allegations may be required to meet the “reasonable cause” requirement, but such is not the case before this court.) The fact that courts have considered a variety of factual allegations does not mean that every fact (such as an officer’s training and experience) that has ever been alleged in an accusatory instrument or considered by a court in assessing facial sufficiency becomes mandatory before “reasonable cause” will be found.
It is true that allegations concerning an officer’s training and experience have been deemed necessary for facial sufficiency in cases involving other crimes, as in People v Dumas (68 NY2d 729 [1986]), which dealt with the facial sufficiency of an accusatory instrument charging marihuana offenses. However, Dumas does not stand for the proposition that accusatory instruments are facially sufficient only if the factual allegations include an arresting officer’s relevant training and experience. Rather, the Court simply held that facts of an evidentiary character are required, which facts, in Dumas, could have been an officer’s training and experience, or could have been, as the Court noted, an “allegation that the defendant represented the substance as being marijuana [or] any additional facts” (id. at 731 [emphasis added]).
Moreover, the logic behind requiring evidentiary support for an officer’s conclusion that a substance is actually marihuana in accusatory instruments that charge marihuana offenses does not extend to cases that do not involve specialized knowledge. In People v Polianskaia (189 Misc 2d 237, 239 [Crim Ct, NY County 2001]), the court noted that
“[s]ome lower courts view People v Dumas as support for the proposition that a factual allegation tracking the language of the statute is conclusory and renders the accusatory instrument facially insufficient. However, such an expansive interpretation of Dumas is not warranted ... As used in *525 Penal Law article 221. . . ‘marihuana’ has a specific composition which is described in section 3302 (5) and (21) of the Public Health Law. Before the Court in Dumas was a misdemeanor complaint that ignored that definition and provided no evidentiary support for the police officer’s conclusion that the substance sold was marihuana.”
The Polianskaia court further noted that significant appellate case law supports the proposition that allegations in accusatory instruments that track the language in a statute “may be sufficiently evidentiary in character to satisfy the Criminal Procedure Law.” (Id.)
Marihuana is “a substance with a specific chemical composition that requires expert testimony to identify” (Polianskaia, 189 Misc 2d at 240, citing People v Kenny, 30 NY2d 154 [1972]). Marihuana has numerous particular characteristics, including color, consistency, density, texture, and scent, as well as ways that it is typically packaged for distribution, sale and use. While these characteristics may be identified with reasonable certainty through sensory perceptions, one must still have had prior experience or training in order to identify these unique characteristics. Accordingly, in order to correctly identify marihuana and to sufficiently allege its criminal possession, professional training or prior experience are necessary.
Similarly, another type of factual assertion that may require training and experience is the identification of counterfeit currency, which “involves a subject matter which is beyond the ordinary knowledge and experience of the average juror” (People v Duchowney, 166 AD2d 769, 771 [3d Dept 1990]). (However, since Duchowney pertains to expert testimony at trial, it is not clear that accusatory instruments involving counterfeit currency would require allegations concerning an officer’s training in order to be facially sufficient.) The average person has not had contact with counterfeit currency and is not likely to be knowledgeable concerning its distinguishing marks and aspects.
By contrast, a MetroCard that has been intentionally bent on its magnetic stripe by the person who possesses it is simply and exactly that; it has no distinctive, unique characteristics or legal definition. “The rule . . . in New York [is] that where the conclusions to be drawn from the facts ‘depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence’ recourse must be had to ‘the knowledge of [persons] whose experience or study enables them *526 to speak with authority’ ” (People v Kenny, 30 NY2d 154, 157 [1972]). However, in New York City, concluding that a person who bends the magnetically encoded stripes on two MetroCards is intentionally and knowingly trying to defraud the Metropolitan Transit Authority is well within the realm of ordinary experience and intelligence. The practice has even been reported in local news publications, including the New York Times (Fried, Bending the MetroCard, Breaking the Law, New York Times, Aug. 24, 2003, sec 1, at 29, col 1). Notably, the arresting officer in this case is assigned to the Transit Division, from which a reasonable inference can be drawn concerning his particular knowledge in the area of transit-related offenses. Based on the foregoing factors, this court finds that the absence of any allegations detailing the arresting officer’s training and experience does not render the information facially insufficient.
Lastly, it is clear to this court that even if the present information did include boilerplate language to the effect that the arresting officer had training and experience in the area of forged instruments, as in People v Dixson (9 Misc 3d 358 [2005], supra), such a perfunctory incantation would serve neither to improve the notice given to defendant so that he might adequately prepare a defense, nor to prevent the defendant from being tried twice for the same crime (see People v Casey, 95 NY2d 354 [2000], supra). Accordingly, this court will not impose any such extraneous, technical and essentially meaningless requirement on an otherwise facially sufficient information.
This court further finds that the information clearly sets forth the facts and circumstances which provided a basis for the officer’s factual conclusion that defendant possessed a written instrument that had been falsely altered. Had the information simply stated words to the effect that the defendant was observed in possession of “written instruments” that had been “falsely altered” and were therefore “forged,” the information would be facially insufficient. However, in this case, the information specifies that the defendant was observed by a police officer assigned to the Transit Division. It further specifies that the “written instruments” were two MetroCards and that they were “falsely altered” by defendant in that defendant bent them in a location on the magnetic stripe in a way that obliterates the encoded data and alters their value as read at a subway turnstile. The basis for the arresting officer’s conclusion was his personal observation, as alleged, that the defendant bent the magnetic stripes on two MetroCards. To require more specific *527 ity would ignore the Court of Appeals’ guidance regarding fair and not overly restrictive or technical readings (see People v Casey, 95 NY2d 354 [2000], supra).
The factual, evidentiary allegations in the present informa-. tion adequately convey that when defendant was observed engaging in the activity of affirmatively bending two Metro-Cards, he was not aimlessly bending the MetroCards in a random way; rather, the defendant bent each MetroCard in the same particular and intentional manner, to wit, “on the magnetic stripe (which contains encoded information) in a way that obliterates the encoded data and alter[s] the value of the MetroCards as read at the turnstiles.” Again, this amount of detail is legally sufficient to support the charges. It is more than the “bare boned” allegations deemed sufficient in People v Allen (92 NY2d 378 [1998]) wherein the Court of Appeals rejected defendant’s argument that factual allegations which simply stated that defendant “SOLICITED, REQUESTED, COMMANDED, IMPORTUNED OR OTHERWISE ATTEMPTED TO CAUSE SUCH OTHER PERSON TO ENGAGE IN SUCH CONDUCT, TO WIT: THE DEFENDANT DID SOLICIT AN UNDERCOVER POLICE OFFICER TO SELL THE DEFENDANT MARIHUANA” (id. at 385). As the Allen court noted, “[a]t the pleading stage, nothing more is required” (id.).
Thus, it is clear that the “reasonable cause” requirement has been fulfilled in the accusatory instrument presently before the court.
Prima Facie Case
The court finds that the information presently challenged contains nonhearsay allegations, which, if true, establish that defendant’s conduct manifested all requisite elements of criminal possession of a forged instrument.
Criminal possession of a forged instrument (Penal Law § 170.20) states, in pertinent part, “A person is guilty of criminal possession of a forged instrument in the third degree when with knowledge that it is forged, and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument.” Thus, the charge of criminal possession of a forged instrument has four essential elements: (1) knowledge that the instrument is forged, (2) intent to defraud, deceive or injure another, (3) possession or utterance of a forged instrument, and (4) a written instrument that is forged.
A “forged instrument” is defined in Penal Law § 170.00 (7) as “a written instrument which has been falsely made, completed or altered.” Penal Law § 170.00 (6) states that
*528 “A person ‘falsely alters’ a written instrument when, without the authority of anyone entitled to grant it, he changes a written instrument, whether it be in complete or incomplete form, by means of erasure, obliteration, deletion, insertion of new matter, transposition of matter or in any other manner, so that such instrument in its thus altered form appears or purports to be in all respects an authentic creation of or fully authorized by its ostensible maker or drawer.”
Defendant, relying on People v Johnson (65 NY2d 556 [1985]), argues that the “mere possession” of a forged instrument does not give rise to a presumption that defendant knew the instrument was forged. The Court in Johnson held that a jury had a sound evidentiary basis to find that defendant knowingly possessed a forged check when he made an “affirmative claim of ownership of the instrument” by presenting it for payment along with a check cashing card which was not his own (id. at 563). However, the information presently challenged alleges that defendant did more than “merely possess” bent Metro-Cards; rather, it is alleged that the officer observed him falsely altering the MetroCards by bending them on the magnetic stripe which carries encoded fare information and thereby creating the forged instruments which he is now charged with possessing.
It is well settled that “[g]uilty knowledge of forgery may be shown circumstantially by conduct and events” (Johnson, 65 NY2d at 561). Also, possession generally suffices to permit an inference that a possessor knows what he possesses, especially if it is in his own hands (see People v Von Werne, 41 NY2d 584 [1977]). Nevertheless, “[i]f the evidence supporting the charges is circumstantial, it will be sufficient only if the allegations, and the logical inferences that flow from them, supply proof of every element of the crimes charged” (People v Dixson, 9 Misc 3d 358, 361 [2005] [emphasis added]; see also People v Cooks, 230 AD2d 683 [1st Dept 1996]). If taken as true, the logical inferences that flow from the allegation that defendant bent two Metro-Cards on the magnetic stripe circumstantially show that he knew that his actions would produce a forged instrument, and further show that once he had bent them and held them in his hands, he knew that he was in possession of forged instruments. Defendant affirmatively bent not one, but two, Metro-Cards, and he bent them in a particular manner such that they could be used to thwart fare collection turnstiles at *529 the subway; this adequately shows defendant’s knowledge that the instruments were forged. To claim otherwise flies in the face of common sense and sound reason, inasmuch as there would seem to be no innocent inference that can reasonably be drawn from such conduct; a law-abiding, fare-paying person would not intentionally tamper with or manually alter the magnetic stripe on one MetroCard, let alone two MetroCards. Even if there is an innocent explanation for such conduct, nevertheless, such innocent inferences are “irrelevant [at] this pleading stage inquiry” (People v Deegan, 69 NY2d 976, 979 [1987]).
Finally, the Court of Appeals has “previously recognized that proof of ‘how or where’ the instrument came into defendant’s possession is probative on the issue of defendant’s knowledge of forgery” (People v Johnson, 65 NY2d at 562, quoting People v Green, 53 NY2d 651, 652 [1981] and citing People v Galbo, 218 NY 283, 294 [1916]). In this instance, how and where the forged instrument came into defendant’s possession has been alleged: he was observed forging the instrument himself, and thus, knowledge of the forgery has been adequately demonstrated.
As to the element of intent, it is similarly well settled that intent may be circumstantially shown through conduct and circumstances. “Intentionally” is a familiar concept, requiring one person’s “conscious objective” to be to cause a result, or to engage in conduct, which is described by a statute defining an offense (Penal Law § 15.05 [1]). While intent is a subjective state of mind, it may be proved by circumstantial evidence, and the objective evidence of the surrounding circumstances may be examined to determine a person’s “conscious objective.” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 15, at 71; see also, People v Tegins, 90 Misc 2d 498 [1977]; People v Agron, 10 NY2d 130 [1961].) In regard to accusatory instruments in particular, “the required intent for the crime may be inferred from both the accusatory and factual parts of the information” (People v Jacobs, 11 Misc 3d 137[A], 2006 NY Slip Op 50511[U], *2 [2006]). Here, the evidentiary facts allege that defendant engaged in the conduct of bending MetroCards not once, but twice, while he was located at 34th Street and Eighth Avenue (where a subway station is located) at 15 minutes after midnight. As noted earlier in this decision, defendant was not observed aimlessly bending the MetroCards in a random fashion; the information alleges that he was bending the magnetic stripes of two MetroCards in a manner such *530 that the subway turnstiles would allow unpaid passage into the subway system. For the purposes of facial sufficiency, these surrounding facts and circumstances, along with the accusatory portion which specifies that defendant acted with intent to defraud, deceive or injure another, adequately evince defendant’s conscious objective to falsely alter the MetroCards for purposes of defrauding the Transit Authority.
In sum, this court finds that the factual allegations in the instant information sufficiently set forth and support the charges, including all the elements of the offense charged, and defendant’s motion to dismiss the information as facially insufficient is, therefore, denied. Of course, the People still have the burden of proving all elements by proof beyond a reasonable doubt at trial (see People v Miles, 64 NY2d 731 [1984]), but at the pleading stage, the People’s burden has been met.
Defendant’s motion to suppress physical evidence is granted to the extent of ordering a Mapp/Dunaway hearing.
Defendant’s motion to suppress statements is granted to the extent of ordering a Huntley/Dunaway hearing.
Defendant’s request for a bill of particulars and his demand for discovery are granted to the extent indicated in the People’s response and voluntary disclosure form.
Defendant’s Sandoval application is deferred to the trial court.