The People of the State of New York, Respondent,
against
Jason Brinker, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (John Cataldo, J.H.O.), rendered July 15, 2015, after a nonjury trial, convicting him of violating New York City Parks and Recreation Department Rules (56 RCNY) § 1-03(c)(1), and sentencing him to a fine of $500 or, alternatively, fifteen days in jail.




Per Curiam.
Judgment of conviction (John Cataldo, J.H.O.), rendered July 15, 2015, affirmed.
The accusatory instrument was not jurisdictionally defective. The arresting officer's sworn allegations that, at a specified date and time, he "advised defendant numerous times to vacate a closed off field" in Central Park and that "defendant refused to leave," were "sufficiently evidentiary in character" (People v Allen, 92 NY2d 378, 385 [1998]) to establish, prima facie, that defendant "refuse[d] to comply with the lawful direction or command of any Police Officer," in violation of New York City Parks and Recreation Department Rules (56 RCNY) § 103(c)(1).
We find unavailing defendant's present claim that he was deprived of effective assistance of counsel when the court, at defendant's request but over defense counsel's objection, did not consider the lesser (uncharged) offense of disorderly conduct. While such a decision is for defense counsel, not the accused, to make (see People v Colville, 20 NY3d 20, 31-32 [2012]), the error in deferring to defendant was harmless in this case, since the court had no authority to consider the uncharged offense of disorderly conduct because it was not a "lesser included offense" of the charged misdemeanor (CPL §§ 350.10[6], 1.20[37]; see People v Greene, 85 Misc 2d 890 [1976]). In this regard, disorderly conduct requires proof of an element - "intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof" (Penal Law § 240.20) - that is not required to establish a violation of 56 RCNY § 103(c)(1) (see People v Green, 56 NY2d 427, 431 [1982]; People v Alvarez, 66 Misc 2d 205 [1971]). 
We perceive no basis for reducing the sentence. The sentence imposed was well below the maximum penalty authorized by law (56 RCNY § 1-07[a]). Although the court offered a lesser fine to induce a plea, it was free, once the defendant rejected the plea offer and was found guilty after trial, to impose a greater, but nevertheless lawful sentence (see People v Pena, 50 [*2]NY2d 400, 412 [1980], cert. denied 449 US 1087 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: January 20, 2017