The People of the State of New York,
against
Delight Bvunzawabaya, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Larry R.C. Stephen, J.), rendered March 11, 2013, after a nonjury trial, convicting him of unlawful solicitation in the subway, and imposing sentence.




Per Curiam.
Judgment of conviction (Larry R.C. Stephen, J.), rendered March 11, 2013, affirmed.
The accusatory instrument was not jurisdictionally defective. Sworn police allegations that defendant was observed in a specified subway station, "approach[ing] and solicit[ing] a MetroCard swipe from several passengers by stating (in substance): Can you swipe me in?," and that defendant lacked permission or authority to solicit entry into the subway system, were sufficiently evidentiary in character (People v Allen, 92 NY2d 378, 385 [1998]) to establish that defendant panhandled in a subway facility in violation of New York City Transit Authority Rule [21 NYCRR] § 1050.6(b)(2).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). The credibility issues raised by defendant were properly placed before the trier of fact and, after considering the relative force of the conflicting testimony and the competing inferences that may be drawn therefrom, we find no reason to disturb the court's determination to credit the arresting officer's testimony rather than defendant's.THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: September 17, 2018