People v Williams (2020 NY Slip Op 50804(U))

[*1]

People v Williams (Nehemiah)

2020 NY Slip Op 50804(U) [67 Misc 3d 145(A)]

Decided on July 10, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Torres, JJ.

570163/19

The People of the State of New York,
Respondent,
against
Nehemiah Williams,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Michael Gaffey, J.), rendered February 19, 2019, convicting him, upon his plea of
guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael Gaffey, J.), rendered February 19, 2019, affirmed.
Since defendant waived prosecution by information, the accusatory instrument had to satisfy
the "much lower" (Matter of Jahron S., 79 NY2d 632, 640 [1992]) or "more lenient"
reasonable cause standard applicable to a misdemeanor complaint (People v Thiam, 34 NY3d 1040,
1044 [2019, DiFiore, Ch. J., concurring; see People v Dumay, 23 NY3d 518, 524 [2014]). So viewed, the
accusatory instrument, although not a model of specificity, was jurisdictionally valid, since it
provided reasonable cause to believe that defendant engaged in aggressive solicitation in
violation of section 10-136(b) of the New York City Administrative Code. The instrument set
forth the date, time and location of the occurrence, and described the words and actions of
defendant that "support[ed] or tend[ed] to support" (CPL 100.15[3]) the deponent police officer's
conclusion that defendant was begging for money within ten feet of the entrance to a specified
bank (see Administrative Code § 10-136[b][2]). The factual allegations were
sufficient for pleading purposes since they provided adequate notice to enable defendant to
prepare a defense and invoke his protection against double jeopardy (see People v Kasse, 22 NY3d
1142, 1143 [2014]).
The misnomer in describing the offense in the accusatory instrument as aggressive begging
in a public place pursuant to Administrative Code § 10-136(b)(1), rather than aggressive
solicitation pursuant to section 10-136(b)(2), is a non-jurisdictional and readily amendable defect
(see CPL 170.35[1][a]; People v
Husain, 56 Misc 3d 73 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017],
lv denied 30 NY3d 950 [2017]), since the instrument sufficiently advised [*2]defendant of the facts relied upon to constitute the alleged violation
(see People v Love, 306 NY 18, 23 [1953]) and defendant waived any objection to this
defect by pleading guilty (see People v
Rodriguez, 97 AD3d 246 [2012], lv denied 19 NY3d 1028 [2012] [the failure to
set forth a correct recital of the name of the crime is an irregularity which was waived by the
defendant when he pleaded guilty]; see
also People v Konieczny, 2 NY3d 569, 572 [2004] [a defendant who elects to plead
guilty forfeits the right to appellate review of any non-jurisdictional defects in the proceedings]).
If a defendant can appeal a knowing and voluntary plea "by resuming the same sufficiency
argument the defendant had forsaken in the trial court, it would undermine the finality of the
conviction" (People v Dumay, 23 NY3d at 524). "The unintended result could be
prosecutors who are no longer willing to broker plea bargains in misdemeanor cases for fear of
endless litigation over the accusatory instrument" (id.).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: July 10, 2020