People v Sharipov (2020 NY Slip Op 51268(U))

[*1]

People v Sharipov (Marali)

2020 NY Slip Op 51268(U) [69 Misc 3d 134(A)]

Decided on October 30, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570029/18

The People of the State of New York,
Respondent,
against
Marali Sharipov, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Barbara F. Newman, J.H.O.), rendered December 13, 2017, convicting him, upon
a plea of guilty, of violating Public Health Law § 229, and imposing sentence.

Per Curiam.
Judgment of conviction (Barbara F. Newman, J.H.O.), rendered December 13, 2017,
affirmed.
The information was jurisdictionally valid because it contained nonconclusory factual
allegations which, if true, establish every element of the offense charged and the defendant's
commission thereof, and supplied defendant with sufficient notice of the charged crime to satisfy
the demands of due process and double jeopardy (see People v Middleton, 35 NY3d 952, 954 [2020]; People v Wheeler, 34 NY3d 1134,
1135 [2020]). The information recited that on October 12, 2017, at about 4:34 p.m., defendant
was observed on Sixth Avenue and 48th Street operating a pedicab on the "public roadway with
[a] missing front reflector" and that "when stopped," the officer determined that the pedicab was
"not registered" because the registration had expired on November 30, 2016. These allegations
were "sufficiently evidentiary in character" (People v Allen, 92 NY2d 378, 385 [1998]) to
establish prima facie defendant's operation of a pedicab with an expired registration in violation
of New York City Administrative Code § 20-255. The misnomer in describing the
offense in the accusatory instrument as a violation of subdivision (a)(2) of Administrative Code
§ 20-255 rather than subdivision (a)(3) was non-jurisdictional, since the instrument
sufficiently advised defendant of the facts relied upon to constitute the alleged violation (see
People v Love, 306 NY 18, 23 [1953]; People v Husain, 56 Misc 3d 73 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2017], lv denied 30 NY3d 950 [2017]) and defendant waived any
objection to this defect by pleading guilty (see People v Rodriguez, 97 AD3d 246 [2012], lv denied 19
NY3d 1028 [2012]; People v
Williams, 67 Misc 3d 145[A], 2020 NY Slip Op 50804[U][App Term, 1st Dept 2020];
see also People v Konieczny, [*2]2 NY3d 569, 572
[2004]). 
The record establishes that defendant's plea was knowing, intelligent and voluntary. As part
of a global resolution of three separate criminal prosecutions arising from allegations that
defendant operated pedicabs without a license or valid registration, defendant, after conferring
with counsel, pleaded guilty to a single count of violating Public Health Law § 229, a
violation, in return for a negotiated sentence of a $50 fine. The court advised defendant that by
pleading guilty he was giving up the right to a trial, to remain silent, and to confront witnesses.
Thus, the record as a whole establishes that defendant intelligently and understandingly waived
his constitutional rights (see Boykin v Alabama, 395 US 238 [1969]; People v Conceicao, 26 NY3d
375, 383 [2015]), and entered knowing and voluntary guilty plea. Furthermore, as defendant
pleaded guilty to an uncharged lesser offense, no factual basis for the plea was necessary (see
People v Moore, 71 NY2d 1002, 1006 [1988]).
In any event, the only relief that defendant requests is dismissal of the information, and he
expressly requests that this Court affirm his conviction if it does not grant a dismissal. Since we
do not find that dismissal would be appropriate, we affirm on this basis as well (see e.g. People v Teron, 139 AD3d
450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 30, 2020