People v Jackson (2023 NY Slip Op 50601(U))

[*1]

People v Jackson (Derrick)

2023 NY Slip Op 50601(U)

Decided on June 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

570462/22

The People of the State of New York, Appellant,
against
Derrick Swann Jackson, Defendant-Respondent.

The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Shari Ruth Michels, J.), dated March 10, 2022, which granted defendant's motion to dismiss the accusatory instrument for facial insufficiency.

Per Curiam.
Order (Shari Ruth Michels, J.), dated March 10, 2022, reversed, on the law, defendant's motion denied, the accusatory instrument reinstated and the matter remitted to Criminal Court for further proceedings.
We find unavailing defendant's challenge to the facial sufficiency of the accusatory instrument charging two counts of criminal mischief in the fourth degree (see Penal Law § 145.00[1]). The information alleges that inside of 1560 Boone Avenue, defendant was observed on surveillance video striking a facial recognition device with a closed fist multiple times, causing the screen to crack, and the next day, defendant was observed on the surveillance video kicking the front door, breaking the glass in the bottom portion of the door. These allegations supplied defendant "with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]). Contrary to defendant's contention, the allegation that defendant was the individual depicted on the surveillance video was, at the pleading stage, "sufficiently evidentiary in character" to support a finding that defendant was the perpetrator of the crimes (People v Allen, 92 NY2d 378, 385 [1998]; see People v Rivera, 76 Misc 3d 130[A], 2022 NY Slip Op 50879[U] [App Term, 1st Dept 2022], lv denied 39 NY3d 1074 [2023]). Any further challenge to the identification of defendant was a matter to be raised at trial, not by insistence that the instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d 569, 577 [2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 21, 2023