People v Lin (2024 NY Slip Op 50380(U))

[*1]

People v Lin (Wendy)

2024 NY Slip Op 50380(U)

Decided on April 9, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 9, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570374/18

The People of the State of New York, Respondent,
against
Wendy Lin, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Angela J. Badamo, J.), rendered May 30, 2018, convicting her, upon a plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Angela J. Badamo, J.), rendered May 30, 2018, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid at least with respect to one, if not all, of the charged misdemeanors (i.e. unlicensed general vending and trademark counterfeiting). The factual allegations that defendant was standing on a specified public sidewalk displaying and offering for sale four pairs of sunglasses, without the requisite Department of Consumer Affairs license, and further alleging that the items bore a counterfeit Ray Ban trademark and describing how the items were determined to be counterfeit, supplied "defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]; see People v Kasse, 22 NY3d 1142 [2014]). At the pleading stage, the sworn allegations that defendant was "displaying and offering for sale" the sunglasses, and "showing the merchandise" to two people in less than one minute, are sufficiently evidentiary in character to support the sale or offer for sale element of the charged offenses (see People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012] see also People v Allen, 92 NY2d 378, 385 [1998] ["bare boned" allegation that defendant "did solicit" a marijuana sale held sufficient to support criminal solicitation charge]).
Since at least one of the charged misdemeanor offenses was jurisdictionally valid, the court had jurisdiction to accept defendant's plea to the uncharged lesser offense of disorderly conduct (see People v Keizer, 100 NY2d 114, 117-119 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 9, 2024