People v McLaurin (2025 NY Slip Op 51688(U))

[*1]

People v McLaurin (Isiah)

2025 NY Slip Op 51688(U)

Decided on October 27, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 27, 2025

SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570707/19

The People of the State of New York, Respondent,

against

Isiah McLaurin Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Bahaati E. Pitt, J.), rendered October 4, 2019, convicting him, upon his pleas of guilty, of four counts of assault in the third degree, and imposing sentence.

Per Curiam.

Judgment of conviction (Bahaati E. Pitt, J.), rendered October 4, 2019, affirmed.

The misdemeanor information charging, among other things, four counts of assault in the third degree (see Penal Law § 120.00 [1]), was valid for jurisdictional purposes as it contained sufficient nonconclusory allegations that defendant was one of the individuals who, over the course of two weeks in 2019, committed four separate assaults in Bronx County, by striking the victims about the face and body, and shoving them to the ground, causing substantial pain, bruising and soreness; and stealing their phones, credit cards, jewelry and cash. Assuming these allegations to be true, they addressed each element of Penal Law § 120.00 (1), and afforded reasonable cause to believe that defendant committed the offenses (see generally People v Matthew P., 26 NY3d 332, 335-336 [2015]).

Contrary to defendant's contention, his identification was based on "official NYPD investigation, conversations with witnesses, viewing the surveillance videos, canvassing, and the defendant's statements." At the pleading stage, these allegations are "sufficiently evidentiary in character" to support a finding that defendant was one of the perpetrators of the crimes (People v Allen, 92 NY2d 378, 385 [1998]; see People v Thomas, 220 AD3d 582, 582 [2023], lv denied 41 NY3d 944 [2024]; see also People v Jackson, 79 Misc 3d 127[A], 2023 NY Slip Op 50601[U] [App Term, 1st Dept 2023], lv denied 40 NY3d 997 [2023]; People v Singleton, 73 Misc 3d 149[A], 2022 NY Slip Op 50011[U] [App Term, 1st Dept 2022], lv denied 38 NY3d 1035 [2022]). Any further challenge to the identification of defendant was a matter to be raised at trial, not by insistence that the instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d 569, 577 [2004]). All concur.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: October 27, 2025