*1028 OPINION OF THE COURT
Marie G. Santagata, J.
The decision of this court dated June 13, 1979 is vacated and the following is filed in its place and stead.
The defendants are charged by a four-count indictment with burglary in the second degree, grand larceny in the second degree, possession of burglar’s tools and conspiracy in the second degree.
This motion was made by the defendants to dismiss the indictment based on a violation of their constitutional right of due process. The defendants contend that the police created the crime, abused the defendants at the time of arrest, infiltrated the office of defendants’ counsel by a paid informant, and placed a private investigator employed by the defendant under electronic surveillance.
The motion was granted to the extent that a hearing was ordered and held. This constitutes the decision after the hearing.
FINDINGS OF FACT
The defendant, Anthony Paccione, a New York City policeman, was a target of an investigation by the Internal Affairs Unit of the New York City Police Department to ferret out corruption in that department.
In an attempt to ascertain whether the said defendant was in fact involved in criminal activity and acting upon information that he worked with his brother, the assigned police undercover agent told a third party that he wanted "two people who were close to rob his boss.” A meeting was arranged between the agent and the codefendant, Michael Paccione, the brother of the defendant, Anthony Paccione. At that meeting, the agent told him of the fabricated burglary which he agreed to commit. The defendants were apprehended at a later date, while in the process of committing the burglary.
After the arrest, the prosecutor placed a "bug” in the office of the investigator of the defendants’ attorney. No information was obtained from this surveillance.
CONCLUSIONS OF LAW

Burden of Proof

The affirmative defense of entrapment is available at *1029 trial to a defendant, who claims he was induced to commit the crime charged by a public servant who was seeking to obtain evidence against him for a criminal prosecution, providing the defendant does not have a predisposition to commit the crime. (Penal Law, § 40.05.)
However, when the defendant alleges that there has been a violation of his constitutional right of due process by police misconduct in the inducement to commit the crime, the defendant is entitled to a hearing. If such misconduct is found, the prosecution must be barred and the indictment dismissed. (People v Isaacson, 44 NY2d 511.)
In deciding People v Isaacson (supra), the Court of Appeals set the basis for a pretrial Isaacson hearing, but research has failed to reveal any specific precedent for the procedure to be followed or the standards of proof to be applied.
It is concluded after a review of the various pretrial hearings, that the basic objectives of solicitation to commit a crime and interrogation to obtain a confession are analogous. Each is intended to induce the defendant to furnish evidence of his guilt. Each involves an examination of alleged improper police conduct. In the instance of the confession, the defendant, by his words, articulates incriminating evidence against himself. In the instance of the solicitation to commit a crime, the defendant, by his actions, provides incriminating evidence against himself.
The People must bear the burden of showing that the complaint against the defendant at its very inception did not violate constitutional safeguards. It requires the highest standard of proof because it calls into scrutiny the delineation between permissible police participation in crime and improper tactics which violate personal integrity. Accordingly, the court adheres to its ruling made at the outset of the hearing that the burden of proof was on the People and that the quantum of proof required was beyond a reasonable doubt.

Due Process

In the case at bar, viewed in the totality of the circumstances, the defendants’ rights of due process were not violated. The facts fall far short of proscribed impropriety of the police in Isaacson (supra). Although the police fabricated a crime which they presented to the defendants, their actions were not shocking, outrageous, deceptive or improper. They *1030 afforded the defendants an opportunity which they accepted and upon which they acted. It was an invitation, not a seduction. There is no basis for the dismissal of the indictment. The People have amply sustained their burden of proof beyond a reasonable doubt.

Electronic Surveillance of Investigator

The placing of the "bug” in the office of the investigator hired by the attorney for the defendants should be frowned upon and condemned. In this case, however, where no information was uncovered, it does not warrant the drastic remedy of dismissal of the indictment. (People v Pobliner, 32 NY2d 356.)
The remaining contentions of the defendants are wholly without merit.
Accordingly, the motion to dismiss the indictment is denied and the matter is to proceed to trial on June 14, 1979.