OPINION OF THE COURT
Ellen M. Coin, J.
Defendant is charged with patronizing a prostitute in the fourth degree (Penal Law § 230.03). In an omnibus motion, he moves this court for, inter alia, (1) dismissal of the complaint for facial insufficiency and (2) a hearing pursuant to People v Isaacson (44 NY2d 511 [1978]), to determine whether there has been a violation of his due process rights. For the reasons stated below, these aspects of his motion are denied.
The complaint is drafted on a form routinely used by the prosecution. Without elaboration, the factual portion of the complaint alleges that defendant “agreed to engage in sexual conduct with the informant, which was * * * sexual intercourse * * * for $30.00 U.S. Currency.”
' Defendant argues that the absence of factual allegations beyond those quoted above renders the complaint legally insufficient. The People maintain that they have provided a facially sufficient accusatory instrument.
A person “patronizes a prostitute” in accordance with the definition found in the Penal Law when he agrees to pay a fee to another pursuant to an understanding that in return such person will engage in sexual conduct with him. (Penal Law § 230.02 [1] [b].) Here the People have specified the nature of the sexual conduct, i.e., sexual intercourse. For pleading purposes, the People have sufficiently alleged facts supporting the charge. As such, this prong of defendant’s motion is denied. (See, People v Kenrick, 162 Misc 2d 75 [Crim Ct, NY County].)
Defendant’s motion for an Isaacson hearing is based on the following factual allegations: (1) that defendant was approached by an undercover police officer, and was “encouraged” by the officer to engage in sexual conduct with the officer; (2) that defendant did not initiate the conversation, describe the sexual conduct, or suggest a fee; and (3) that defendant lacked a predisposition to commit the crime.
In People v Isaacson (supra), the Court of Appeals, while noting that there was no precise formula for determining whether there has been a due process violation, suggested certain factors which are indicative of such a transgression: (1) whether *41 the police manufactured a crime which otherwise would not likely have occurred, or merely involved themselves in an ongoing criminal activity; (2) whether the police themselves engaged in criminal or improper conduct repugnant to a sense of justice; (3) whether the defendant’s reluctance to commit the crime is overcome by appeals to humanitarian instincts such as sympathy or past friendship, by temptation of exorbitant gain, or by persistent solicitation in the face of unwillingness; and (4) whether the record reveals simply a desire to obtain a conviction with no reading that the police motive is to prevent further crime or protect the populace. (Supra, 44 NY2d, at 521.)
Pretrial Isaacson hearings have been granted only in the limited circumstances where defendants have made specific, detailed allegations of egregious or reprehensible prosecutorial or police misconduct. (See, e.g., People v Archer, 68 AD2d 441 [2d Dept 1979], affd 49 NY2d 978, cert denied 449 US 839 [1980] [prosecution contrived a criminal case which could then be “fixed” by defendant]; People v DeStefano, NYLJ, Apr. 20, 1998, at 31, col 4 [Sup Ct, Queens County] [prosecution seizure of tape recording made by defendant’s investigator]; People v Brooks, 125 Misc 2d 992 [Sup Ct, Kings County 1984] [allegation of intimidation by law enforcement authorities]; People v Paccione, 99 Misc 2d 1027 [Nassau County Ct 1979] [allegations that the police created the crime, abused the defendants at the time of arrest, infiltrated the office of defense counsel, and placed defendants’ private investigator under electronic surveillance].) In the instant case, defendant has completely failed to allege any of the factors suggested in Isaacson (supra), or, indeed, any conduct which may have violated his constitutional rights.
The affirmative defense of entrapment is available at trial to a defendant who claims he was induced to commit the crime charged by a public servant who was seeking to obtain evidence against him for the purpose of criminal prosecution, provided that the defendant does not have a predisposition to commit the crime. (Penal Law § 40.05.) In the case at bar defendant’s allegations — at most — merely set forth the defense of entrapment, without more. Absent detailed allegations of a violation of defendant’s due process rights by prosecutorial misconduct, defendant is not entitled to a hearing. (See, People v Boudin, 117 Misc 2d 518, 521 [Sup Ct, Rockland County *42 1983].) Thus, the branch of defendant’s motion which sought an Isaacson hearing is denied.
Defendant’s motion for a Sandoval hearing is reserved for trial.