09-2379-cr
United States v. Bland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of July, two thousand ten.

PRESENT: GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*[*]

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
               *Appellee*,

       v.                                     No. 09-2379-cr

ANTONIO BLAND,
               *Defendant-Appellant.*

-------------------------------------------------------------------

FOR APPELLANT:      Lawrence Gerzog, New York, New York, on submission.

FOR APPELLEE:       Andrew E. Goldsmith, Assistant United States Attorney (Emily Berger, on the brief), *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, on submission.

Appeal from the United States District Court for the Eastern District of New York

---

[*] The Honorable Reena Raggi, originally a member of the panel, recused herself from this case. The remaining two members of the panel, who are in agreement, decided this case in accordance with Second Circuit Internal Operating Procedure ("IOP") E(b).

(Edward R. Korman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Antonio Bland appeals from a conviction, following a conditional guilty plea permitting him to appeal the denial of a suppression motion, of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Bland argues that the government failed to establish probable cause for his arrest for patronizing a prostitute that led to the discovery of the firearm. We assume the parties' familiarity with the relevant facts and procedural history of this case, and the issues presented on appeal.

"On an appeal from a ruling on a motion to suppress, we review a district court's findings of historical fact for clear error, but analyze *de novo* the ultimate determination of such legal issues as probable cause. . . ." United States v. Valentine, 539 F.3d 88, 93 (2d Cir. 2008), quoting United States v. Smith, 9 F.3d 1007, 1011 (2d Cir. 1993).

Bland's suppression motion was heard by a magistrate judge who issued a report and recommendation that was adopted in full by the district court. The magistrate judge credited the testimony of an undercover police officer that Bland offered her $20 for oral sex. The magistrate judge also credited testimony from an agent of the Bureau of Alcohol Tobacco and Firearms ("ATF") that Bland admitted, during a proffer session, that he had offered the undercover officer money for oral sex. Finally, the magistrate judge found that the discrepancy between the undercover officer's original description of the request for oral sex and an affidavit specifying a request for sexual intercourse arose innocently

2

as the information was passed from the undercover officer to the arresting officer to the District Attorney's Office. Taken together, the magistrate judge found the facts were sufficient to establish probable cause.

"Probable cause exists if a law enforcement official . . . has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" United States v. Howard, 489 F.3d 484, 491 (2d Cir. 2007) (citation omitted). Under New York law, "[a] person patronizes a prostitute when . . . [*inter alia*] [*h*]*e solicits or requests another person to engage in sexual conduct with him in return for a fee.*" N.Y. Penal Law § 230.02(1)(c) (McKinney 2008) (emphasis added).[1] While Bland claims that the evidence against him fails to establish sufficient probable cause for his arrest, none of the district court's factual findings were clearly erroneous, and taken together they were sufficient to establish probable cause. The credited testimony establishes that the arresting officer had the requisite knowledge, based on the information supplied to him by the undercover officer, to believe that Bland had violated § 230.02(1)(c).

Bland argues that an "agreement" is an element of the crime of patronizing a prostitute, and that there was insufficient evidence of an agreement to arrest him. Bland is incorrect. An agreement is not required for an arrest for patronizing a prostitute.

---

[1] Section 230.02 provides the definition of "patronizing a prostitute" for the purposes of §§ 230.04-230.06 (patronizing a prostitute in the third, second, and first degrees), and for former § 230.03 (patronizing a prostitute in the fourth degree), under which Bland was charged, which has since been repealed.

3

Under the definition set forth in § 230.02(1), that crime may be committed in several distinct ways. While agreement may be required for a conviction pursuant to § 230.02(1)(b), which applies to someone who "*pays or agrees to pay* a fee to another person *pursuant to an understanding* that in return therefore such person or a third person will engage in sexual conduct with him" (emphasis added), no such agreement is required for a conviction pursuant to subsection (c), which requires only that a person "solicit[] or request[]" another person to engage in sexual conduct for money, and not that the person solicited agree to the request.

Bland cites a number of cases to support his argument that an agreement is a necessary element of patronizing a prostitute, but these cases are easily distinguishable. Four of these cases, People v. Polianskaia, 730 N.Y.S.2d 685 (N.Y.C. Crim. Ct. 2001), People v. A.M., No. 2001CN001284, 2001 WL 1117455 (N.Y.C. Crim. Ct. July 31, 2001), People v. A.S., 685 N.Y.S.2d 573 (N.Y.C. Crim. Ct. 1998), and People v. Hilo, 791 N.Y.S.2d 872 (Table) (N.Y. Sup. App. Term 2004), deal with the crime of prostitution, N.Y. Penal L. § 230.00, not the crime patronizing a prostitute for which Bland was arrested. In two other cases, People v. Richardson, No. 2001KN057369, 2002 WL 977167 (N.Y.C. Crim. Ct. Apr. 5, 2002), and People v. Bah, 688 N.Y.S.2d 397 (N.Y.C. Crim. Ct. 1999), the charging documents specified that the defendant had made an agreement to engage in sexual conduct for a fee, and the prosecutions were apparently brought under § 230.02(1)(b), which calls for an agreement, and not under § 230.02(1)(c), which does not. Finally, the accusatory statement in People v. Kenrick, 615 N.Y.S.2d

859 (N.Y.C. Crim. Ct. 1994), did not in fact allege an agreement, but stated only that the defendant "requested" that the undercover officer engage in sexual conduct, evincing that no agreement is needed to violate the patronizing a prostitute provision.

According to one New York court, the purpose of the patronizing statute is to punish potential patrons simply for soliciting, "otherwise the patron would be permitted to proceed on his way uncondemned by the law, until he finally finds a person willing to satisfy him." People v. Bronski, 351 N.Y.S.2d 73, 75 (N.Y.C. Crim. Ct. 1973). To read section 230.02(1)(c) to require agreement on the part of the solicited party would defeat this purpose. We decline to adopt Bland's reading, which is contrary to both the plain language and the apparent purpose of the statute.

We also decline Bland's alternative request that we certify the question of whether agreement is an element of the crime of patronizing a prostitute to the New York Court of Appeals. This request was based on Bland's contention that the federal trial court below second-guessed the interpretations of a long line of state trial courts. However, the district court's decision does not conflict with any of the cases Bland cites, and does not second-guess any state court precedent. Given the clarity of the plain language of section 230.02(1)(c), there is no need to certify the question.

For the foregoing reasons, the judgment of conviction is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5