OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered November 16, 2011, reversed, on the law, accusatory instrument dismissed and fine remitted.
Defendant’s motion to dismiss the accusatory instrument as jurisdictionally defective should have been granted, since the misdemeanor complaint failed to allege “facts of an evidentiary character” (CPL 100.15 [3]) demonstrating “reasonable cause” to believe (CPL 100.40 [4] [b]) that defendant was guilty of patronizing a prostitute in the third degree {see Penal Law § 230.04), the sole charge contained therein. The factual portion of the complaint comprises only the arresting officer’s allegations that, at a particular date and time, “inside” a building identified by its street address, defendant stated in substance that he “found her on the [I]nternet [and] agreed to pay her $200.00 dollars in exchange for sex.” Beyond defendant’s alleged utterance of the generic statement quoted above, the complaint is bereft of any evidentiary facts, including those relating to the events, if any, which preceded defendant’s arrest, the type of sexual conduct allegedly agreed to in the Internet communication(s) vaguely referenced, the time frame of the Internet correspondence, or the description — be it undercover police officer or otherwise — of the unnamed “her” said to have agreed to the illicit sex-for-money arrangement. In such sparse and unelucidating form, the accusatory instrument “failed to supply defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy” (People v Dreyden, 15 NY3d 100, 103 [2010]; see also People v Zambounis, 251 NY 94, 96 [1929]).
Hunter, Jr., J.E, Torres and Shulman, JJ., concur.