The People of the State of New York, Respondent, 
against
Marvin Drelich, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered January 8, 2014, convicting him, upon his plea of guilty, of disorderly conduct and imposing sentence.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered January 8, 2014, reversed, on the law, accusatory instrument dismissed, and surcharge and fees remitted.
The accusatory instrument was jurisdictionally defective, since the misdemeanor complaint and supporting deposition failed to allege "facts of an evidentiary character" (CPL 100.15[3]) demonstrating "reasonable cause" to believe (CPL 100.40[4][b]) that defendant was guilty of patronizing a prostitute in the third degree (see Penal Law § 230.04), the sole charge contained therein. The single-sentence, conclusory, factual allegation that, at 2:25 a.m. on October 17, 2013, at a particular street location, "defendant offered [a police officer] $15 in exchange for manual stimulation," is insufficient to establish the "sexual conduct" element of the charged crime (see Penal Law § 230.02[1][b][c]; Penal Law § 130.00[10]), inasmuch as the term "manual stimulation," without more, is reasonably susceptible to non-sexual conduct (see People v Sidarah, 41 Misc 3d 17 [App Term, 1st Dept 2013]; see also People v Pashkoff, 53 Misc 3d 151[A], 2016 NY Slip Op 51696[U] [App Term, 1st Dept 2016]; compare People v Saleh, 40 Misc 3d 1211[A], 2013 NY Slip Op 51152[U] [Crim. Ct., Bronx County 2013][defendant asked the officer "to engage in sexual conduct to wit oral sex in exchange for giving (the officer) $15.00 U.S. currency"]; People v Bah, 180 Misc 2d 39 [Crim. Ct., New York County 1999] [defendant "agreed to engage in sexual conduct with the informant, which was ... sexual intercourse ..., for $30.00 U.S. Currency"]; People v Kenrick, 162 Misc 2d 75 [Crim. Ct., New York County 1994] [defendant asked the officer to "engage in sexual conduct, to wit; intercourse, with him in return for $10.00 in U.S. currency").
The dissent fails to distinguish People v Sidarah, 41 Misc 3d 17 or People v Pashkoff, 53 Misc 3d 151(A), which both clearly support dismissal in this case.
In view of the foregoing, we reach no other issue.
I concurI concurI concur
Hon. Lizbeth Gonzalez, Dissenting Opinion.
I respectfully dissent.
A person is guilty of the misdemeanor of patronizing a prostitute in the third degree (see Penal Law § 230.04) when "[h]e or she solicits or requests another person to engage in sexual conduct with him or her in return for a fee" (Penal Law § 230.02[1][c]). The underlying accusatory instrument recites that, on October 17, 2013 "at about 2:25 a.m., on the south west corner of Bethune Street & Greenwich Street," defendant offered Police Officer Meredith Briggs "$15 in exchange for manual stimulation." Giving these allegations "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), and "drawing reasonable inferences from all the facts set forth in the accusatory instrument" (People v Jackson, 18 NY3d 738, 747 [2012]), the factfinder could certainly infer that when, in the middle of the night on a West Village street corner, defendant offered a woman money in return for "manual stimulation," he did so with the desire and expectation of sexual conduct.
The defendant's strained argument the "manual stimulation" he sought could refer to a "foot rub, therapeutic massage, chiropractic adjustment, personal training - even an energetic match of thumb wrestling" fails "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]). That the human imagination might conjure up possible innocent behavior that falls within the ambit of "manual stimulation" is not the test for determining the facial sufficiency of an accusatory instrument. The prima facie case requirement of an information is not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial (see People v Smalls, 26 NY3d 1064, 1066 [2015]). Since the factual allegations contained in the instrument give defendant notice sufficient to prepare a defense and are adequately detailed to prevent him from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading (see People v Casey, 95 NY2d at 360). Any challenge to these allegations, including defendant's contention that he was seeking a therapeutic massage or a thumb wrestling opponent when he requested manual stimulation, was a matter to be raised as an evidentiary defense to the charge, not by insistence that the instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d 569, 577 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Decision Date: December 22, 2017