*83 OPINION OF THE COURT
Per Curiam.
Order, reversed, on the law, motion to dismiss denied, accusatory instrument reinstated, and matter remanded for further proceedings.
We find unavailing defendant’s challenge to the facial sufficiency of the accusatory instrument charging trademark counterfeiting in the third degree (see Penal Law § 165.71). The information — comprising the misdemeanor complaint and supporting depositions of the arresting police officer and a representative of the trademark owner — alleged that at a specified time and location police observed defendant “display and offer for sale more than 10 . . . handbags”; identified and distinguished the characteristics of the genuine and counterfeit trademarks; and stated that the allegedly counterfeit “Louis Vuitton” trademark appearing on the handbags is registered and in use. These factual allegations, “given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]), are sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case that defendant committed the offense of third degree trademark counterfeiting (see People v Reyes, 9 Misc 3d 136[A], 2005 NY Slip Op 51699[U] [App Term, 1st Dept 2005], lv denied 5 NY3d 885 [2005]; People v Lynch, 8 Misc 3d 126[A], 2005 NY Slip Op 50894[U] [App Term, 1st Dept 2005], lv denied 5 NY3d 807 [2005]). At the pleading stage, the sworn allegation that defendant displayed and offered for sale more than 10 handbags is “sufficiently evidentiary in character” to support the sale or offer for sale element of the charged offense (id.; see generally People v Allen, 92 NY2d 378, 385 [1998] [“bare boned” allegation that defendant “did solicit” a marihuana sale held sufficient to support criminal solicitation charge]).
McKeon, P.J., Davis and Schoenfeld, JJ., concur.