■  The People of the State of New York, Respondent, v Muhammad Abdurraheem, Appellant. [942 NYS2d 90]—

Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered January 7, 2008, convicting defendant, upon his plea of guilty, of disorderly conduct, and sentencing him to a conditional discharge, unanimously affirmed.

The accusatory instrument was not jurisdictionally defective.

The misdemeanor information included the deposition of the arresting officer, which alleged that for approximately 10 minutes, defendant stood immediately next to a table on which t-shirts were "spread out," and that defendant was "arranging and handling said merchandise." The table was "in the vicinity" of a given private address and was "open to public view." When approached, defendant stated that he did not need a license because he "work[ed] at the store."

Giving these facts "a fair and not overly restrictive or technical reading" (*People v Casey*, 95 NY2d 354, 360 [2000]), we find that the accusatory instrument sufficiently alleged unlicensed general vending (Administrative Code of City of NY § 20-453). "[A]s a matter of common sense and reasonable pleading" (*People v Davis*, 13 NY3d 17, 31 [2009]), the information adequately alleged that defendant engaged in the conduct required for acting as a general vendor (*see* Administrative Code § 20-452 [b]). The alleged conduct, taken together with defendant's statement to the officer, negated any noncommercial explanation (*see People v Sylla*, 154 Misc 2d 112, 115-116 [Crim Ct, NY County 1992]; *People v Diouf*, 153 Misc 2d 887, 889-890 [Crim Ct, NY County 1992]). Likewise, the information, read as a whole, supported the inference that defendant was acting in a "public space" (*see* Administrative Code § 20-452 [d]). Concur—Tom, J.P., Catterson, Richter, Abdus-Salaam and Román, JJ.