OPINION OF THE COURT
Per Curiam.
Order, dated August 13, 2010, insofar as appealed from, reversed, on the law, dismissal motions denied, informations reinstated, and matter remanded to Criminal Court for further proceedings.
Defendant’s threshold motion to dismiss the accusatory instruments underlying these three companion criminal prosecutions should have been denied. The informations were facially sufficient since they set forth nonhearsay statements adequately alleging defendant’s commission of unlicensed general vending (see Administrative Code of City of NY § 20-453; People v Abdurraheem, 94 AD3d 569 [2012]) and, indeed, defendant does not now argue otherwise. Nor, based on the four corners of the accusatory instruments themselves (see People v Thomas, 4 NY3d 143, 146 [2005]), can it conclusively be determined that the items allegedly offered for sale by defendant, which the People’s pleadings described without elaboration as “rocks” or “decorative rocks,” qualify as constitutionally protected speech so as to exempt defendant from the licensure requirements of the general vending ordinance. Defendant’s First Amendment arguments hinge on several unresolved questions of law and fact, including whether and to what extent the rocks were adorned or embellished, whether they possessed expressive elements and, if so, whether their dominant purpose was expressive or non-expressive (see Mastrovincenzo v City of New York, 435 F3d 78 [2d Cir 2006]). Resolution of the constitutional issues framed herein — of the type which can present “difficult line-drawing problems” (Mastrovincenzo at 95)— must await a more developed record.
Hunter, Jr., J.P, Shulman and Torres, JJ., concur.