The People of the State of New 
 York, Respondent, 
against
Bai Kamara, Defendant-Appellant.



In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered March 23, 2011, after a nonjury trial, convicting him of unlicensed general vending, and imposing sentence, and (2) a judgment (same court and Judge), rendered March 23, 2011, after a nonjury trial, convicting him of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgment of conviction under docket number 2010CN006364 (James M. Burke, J.), rendered March 23, 2011, affirmed. Judgment of conviction under docket number 2010CN000951 (James M. Burke, J.), rendered March 23, 2011, reversed, on the law, and the accusatory instrument is dismissed.
We find unavailing defendant's present challenge to the facial sufficiency of the accusatory instrument charging him with unlicensed general vending under Docket No. 2010CN006364. The information — comprising the misdemeanor complaint and the supporting deposition of the arresting officer — alleges that at a specified time and street location defendant, lacking the requisite license, "display[ed] and offer[ed] for sale 10 sunglasses," and "show[ed] the merchandise to numerous people." At the pleading stage, these allegations, "given a fair and not overly restrictive or technical reading" (see People v Casey, 95 NY2d 354, 360 [2000]), were "sufficiently evidentiary in character" (People v Allen, 92 NY2d 378, 385 [1998]) to support the sale or offer for sale element of the charged offense (see Administrative Code of City of NY § 20—453; People v Kasse, 22 NY3d 1142 [2014]; People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]; People v Guo Zhang, 14 Misc 3d 82 [2007], lv denied 8 NY3d 951 [2007]). 
Reversal of the judgment convicting defendant of unlicensed general vending under docket number 2010CN000951 and dismissal of that charge is mandated since, as the People concede, the allegations in the accusatory instrument were jurisdictionally insufficient to meet the "public place" element of unlicensed general vending (see People v Afilal, 26 NY3d 1050, 1052 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur 
Decision Date: March 16, 2016