The People of the State of New York, Respondent, 
against
Chris Lawson, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Marc J. Whiten, J.), rendered May 11, 2011, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Marc J. Whiten, J.), rendered May 11, 2011, reversed, on the law, accusatory instrument dismissed and surcharge and fee, if paid, remitted.
The accusatory instrument was jurisdictionally defective. The factual allegations in the misdemeanor complaint and supporting deposition of the arresting officer that, at a particular date, time and subway station, defendant held "four batteries . . . in his hand" and "show[ed] the merchandise to numerous people," were insufficiently evidentiary in character to support the unlicensed general vending charge (see Administrative Code of City of NY § 20-453; cf. People v Kasse, 22 NY3d 1142 [2014]; People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]). Particularly given the quantity and type of items at issue, and the manner in which they were displayed, the complaint is bereft of any facts which would permit the inference that the batteries were for sale. Nowhere in the accusatory instrument does the deponent police officer set forth any allegation that defendant spoke with any passersby (see People v Diatara, 36 Misc 3d 158[A], 2012 NY Slip Op 51800[U] [App Term, 1st Dept. 2012], lv denied 20 NY3d 1010 [2013]) or exchanged the merchandise with customers for currency (see People v Camara, 49 Misc 3d 126[A], 2015 NY Slip Op 51357[U] [App Term, 1st Dept. 2015]), or that defendant engaged in any other conduct required for acting as a general vendor (see, e.g., People v Diallo, 47 Misc 3d 146[A], 2015 NY Slip Op 50723[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1087 [2015]). Nor does the pleading contain any statement by defendant to the officer that could have negated any noncommercial explanation for defendant's conduct (see People v Abdurraheem, 94 AD3d at 570 [2012], lv denied 19 NY3d 970 [2012]). In such sparse and unelucidating form, the accusatory instrument "failed to supply defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 13, 2016