The People of the State of New York, Respondent,
against
Papa Camara, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Michelle A. Armstrong, J.), rendered May 8, 2012, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Michelle A. Armstrong, J.), rendered May 8, 2012, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument - comprising the misdemeanor complaint and supporting depositions of the arresting officer and two representatives of the trademark owner - was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of the charged offense of trademark counterfeiting in the third degree (see Penal Law § 165.71). For purposes of our threshold, pleading stage inquiry, the accusatory instrument sufficiently alleged that the twenty handbags displayed and offered for sale by defendant, which bore trademarks of Louis Vuitton, were counterfeit, based upon several specifically enumerated features distinguishing them from genuine Louis Vuitton handbags, and that the allegedly counterfeit trademarks appearing on the handbags were registered and in use (see People v Ndiaye, 44 Misc 3d 135[A], 2014 NY Slip Op 51208[U] [App Term, 1st Dept. 2014]; People v Wele, 41 Misc 3d 133[A], 2013 NY Slip Op 51804[U] [App Term, 1st Dept. 2013], lv denied 22 NY3d 1044 [2013]; People v Guo Zhang, 14 Misc 3d 82 [2007], lv denied 8 NY3d 951 [2007]). The court thus had jurisdiction over defendant and was authorized to accept defendant's plea to disorderly conduct, "a lesser crime not included in the accusatory instrument" (see People v Keizer, 100 NY2d 114, 119 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 20, 2016