The People of the State of New York, Respondent,
against
Xiangmei Zhang, Defendant-Appellant.



In consolidated criminal appeals, defendant appeals from two judgments of the Criminal Court of the City of New York, New York County (Robert M. Mandelbaum, J.), each rendered March 21, 2012, after nonjury trials, convicting her of unlicensed general vending, and imposing sentences.




Per Curiam.
Judgment of conviction under docket number 2011CN007860 (Robert M. Mandelbaum, J.), rendered March 21, 2012, affirmed. Judgment of conviction under docket number 2011CN003716 (Robert M. Mandelbaum, J.), rendered March 21, 2012, reversed, on the facts, and the accusatory instrument is dismissed.
The verdict convicting defendant of unlicensed general vending (see Administrative Code of City of NY § 20-453) under docket number 2011CN007860 was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the court's credibility determinations. The court, as factfinder, could reasonably conclude that defendant, without the requisite license, was acting as a general vendor.
However, the conviction for unlicensed general vending under docket number 2011CN003716 was against the weight of the evidence, since the arresting officer's testimony was, at best, ambiguous as to whether defendant was engaging in the conduct required for acting as a general vendor (see People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]). Inasmuch as defendant was one of three women who were "sitting, talking" about "three feet away" from the cart containing about ten umbrellas, the officer did not observe anyone selling or offering to sell the umbrellas prior to his approach, and the native Wenzhounese-speaking defendant's interaction with the officer was very brief, the weight of the evidence does not support a finding of guilt beyond a reasonable doubt.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: April 22, 2016