The People of the State of New York, Respondent,
against
Seydi Soumare, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered January 18, 2013, after a nonjury trial, convicting him of unlicensed general vending and failure to display a vendors license, and imposing sentence. Per Curiam.




Judgment of conviction (Anthony J. Ferrara, J.), rendered January 18, 2013, reversed, on the facts, and the accusatory instrument is dismissed. 
The verdict convicting defendant of unlicensed general vending (see Administrative Code § 20-453) and failure to display a vendors license (see Administrative Code § 20-461[a])was against the weight of the evidence. The trial evidence showed that an off-duty police officer initially observed defendant at a specified street location, stating "Oakleys, Oakleys, Oakleys, do you want sunglasses," while defendant was holding what appeared to be a soft black case that eyeglasses are "commonly packaged in." At the time, defendant did not display any sunglasses, quote any price, or exchange any merchandise for money. Nor did the officer ask defendant if he had a license. After this initial observation, the officer did not arrest defendant. 
The officer returned to the scene in uniform approximately thirty minutes later. At this time, defendant, who was not holding anything in his hands or standing near any display of merchandise, extended his hand to the officer as if to shake and said "I'm sorry." Nowhere in the trial testimony does the arresting officer state that upon approaching defendant a second time, defendant was selling or offering to sell any merchandise to passersby. Nor did the officer observe defendant quoting prices or exchanging merchandise with customers for currency, and no sunglasses were ever recovered.
On these facts, and given that the arresting officer's testimony was, at best, ambiguous as to whether defendant was engaging in the conduct required for acting as a general vendor, the [*2]weight of the evidence does not support a finding of guilt beyond a reasonable doubt (see People v Xiangmei Zhang, 51 Misc 3d 141[A]; 2016 NY Slip Op 50642[U] [App Term, 1st Dept. 2016]; see also People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur 
Decision Date: June 13, 2016