The People of the State of New York, Respondent,
against
Ahmed Jalloh, Defendant-Appellant.



In consolidated criminal actions, defendant appeals from three judgments of the Criminal Court of the City of New York, New York County (Neil E. Ross, J.), each rendered November 28, 2012, convicting him, upon his pleas of guilty, of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgments of conviction under docket number 2012NY010855 and docket number 2012NY051555 (Neil E. Ross, J.), rendered November 28, 2012, affirmed. Judgment of conviction under docket number 2012NY044786 (Neil E. Ross, J.), rendered November 28, 2012, reversed, on the law, the accusatory instrument dismissed, and surcharge, if paid, remitted. 
We find unavailing defendant's present challenge to the facial sufficiency of the accusatory instrument under docket number 2012NY010855. At the pleading stage, the sworn police allegations that, at a specified time and street location, defendant "display[ed] and offer[ed] for sale" counterfeit watches, by "holding approximately seven (7) watches in [his] hand" and "show[ing] and offer[ing] for sale said merchandise to approximately five (5) individuals" is "sufficiently evidentiary in character" (People v Allen, 92 NY2d 378, 385 [1998]) to support the sale or offer for sale element of the unlicensed general vending charge (see People v Kasse, 22 NY3d 1142 [2014]; People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]).
Nor was the accusatory instrument under docket number 2012NY051555 jurisdictionally defective. The "public space" element of the unlicensed general vending charge (see Administrative Code of City of NY § 20-452[d]) was satisfied by allegations that defendant was observed "on the corner of Canal and Lafayette Street" while engaged in specified vending activities (see People v Abdurraheem, 94 AD3d at 570; People v Wele, 41 Misc 3d 133[A], 2013 NY Slip Op 51804[U] [App Term, 1st Dept 2013], lv denied 22 NY3d 1044 [2013]).
We agree with defendant, however, that the accusatory instrument under docket number 2012NY044786 was jurisdictionally defective. As the People concede, the vague and unparticularized allegation that defendant was "in front of Canal Street" when he committed the [*2]charged offenses, did not provide defendant with sufficient notice to enable him to prepare a defense and invoke his protection against double jeopardy (see e.g. People v Dreyden, 15 NY3d 100, 103 [2010]). Contrary to the People's assertion, the "prosecutor's hearsay statement, set forth in [the] bill of particulars [portion of the voluntary disclosure form], cannot supply necessary factual allegations to cure a deficient information" (People v Alejandro, 70 NY2d 133, 138 [1987]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 14, 2016