The People of the State of New York, Respondent, 
against
Heriberto Lecler, Defendant-Appellant.



In consolidated criminal appeals, defendant appeals from two judgments of the Criminal Court of the City of New York, New York County (Herbert J. Adlerberg, J.H.O.), each rendered October 6, 2015, convicting him, upon his pleas of guilty, of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgments of conviction (Herbert J. Adlerberg, J.H.O.), each rendered October 6, 2015, affirmed. 
The accusatory instruments charging unlicensed general vending (see Administrative Code of City of NY § 20—453) were not jurisdictionally defective. With respect to the instrument under docket number 2015NY046832, allegations that a police officer observed defendant at a specified public location "display and offer for sale more than five photograph sticks," "hold the above described merchandise" in his hand and "show[] the merchandise to numerous people," were "sufficiently evidentiary in character" (People v Allen, 92 NY2d 378, 385 [1998]) to support the sale or offer for sale element of the offense (see People v Kasse, 22 NY3d 1142 [2014]; People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]).
With respect to the instrument under docket number 2015NY050937, allegations in the complaint and supporting deposition, that defendant was observed "across from 195 Broadway" and "opp 195 Broadway," "showing the merchandise to numerous people," "hawking" the merchandise by saying, in substance "selfie sticks and selfie sticks" were sufficient, at the pleading stage, to satisfy the "public space" element of the offense (Administrative Code § 20—452[d]; see People v Kasse, 40 Misc 3d 126[A], 2013 NY Slip Op 51022[U] [App Term, 1st Dept 2013], affd 22 NY3d 1142 [2014]; People v Abdurraheem, 94 AD3d at 570; People v Kellman, 53 Misc 3d 145[A], 2016 NY Slip Op 51575[U] [App Term, 1st Dept 2016], lv denied 29 NY3d 999 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 23, 2019