People v Ly (2023 NY Slip Op 50103(U))

[*1]

People v Ly (Alassane)

2023 NY Slip Op 50103(U)

Decided on February 16, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 16, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

571132/15

The People of the State of New York, Respondent,
against
Alassane Ly, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Robert M. Mandelbaum, J.), rendered November 17, 2015, after a nonjury trial, convicting him of unlicensed general vending, and imposing sentence.

Per Curiam.
Judgment of conviction (Robert M. Mandelbaum, J.), rendered November 17, 2015, affirmed. 
The information was not jurisdictionally defective. Nonhearsay allegations established every element of unlicensed general vending (see Administrative Code of City of NY § 20-453). The deponent police officer alleged that on a specified date, time, and street location, namely the corner of Broadway and Canal Street, defendant, without the requisite license, displayed and offered for sale sunglasses to various individuals. The instrument further alleges that "defendant showed the merchandise to numerous people and [deponent] saw three people approach the defendant, examine the merchandise and engage in conversation with the defendant." These allegations were "sufficiently evidentiary in character" (People v Allen, 92 NY2d 378, 385 [1998]) to support the "sale or offer for sale" element of unlicensed general vending (see People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]; People v Guo Zhang, 14 Misc 3d 82 [2007], lv denied 8 NY3d 951 [2007]; see also People v Kasse, 22 NY3d 1142 [2014]).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis upon which to disturb the court's determinations concerning credibility. The credited police testimony established that defendant engaged in the conduct required for acting as a general vendor - standing on a street corner while holding a shopping bag containing six pairs of sunglasses, and speaking with and showing a pair of sunglasses to a group of passersby, who examined and passed the sunglasses between each other (see People v Quedraogo, 55 Misc 3d 143[A], 2017 NY Slip Op 50624[U] [App Term, 1st Dept 2017], lv denied 30 NY3d 592 [2017]; People v Koulibaly, 40 Misc 3d 126[A], 2013 NY Slip Op 51023[U][App Term, 1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 16, 2023