OPINION OF THE COURT
 

 Memorandum.
 

 In each case, the order of the Appellate Term should be affirmed.
 

 
 *573
 
 Defendants were arrested (in separate incidents) when police officers saw them accepting money to “swipe” a farecard to allow commuters through a turnstile into New York City’s subway system; neither defendant himself entered the subway. The People filed informations charging defendants with violating 21 NYCRR 1050.4 (c), a rule of the New York City Transit Authority, aimed at preventing the loss of revenue, which provides that
 

 “[e]xcept for employees of the authority acting within the scope of their employment, no person shall sell, provide, copy, reproduce or produce, or create any version of any fare media or otherwise authorize access to or use of the facilities, conveyances or services of the authority without the written permission of a representative of the authority duly authorized by the authority to grant such right to others.”
 

 Criminal Court granted defendants’ motions to dismiss the informations, finding the rule to be unconstitutionally vague. On the People’s appeal, the Appellate Term reversed. A Judge of this Court subsequently granted defendants leave to appeal, and we now affirm.
 

 Here, defendants — who were observed swiping others into the subway system for money but never entering themselves— clearly violated the purpose and plain language of the rule. Defendants are wrong in arguing that the rule failed to furnish them with adequate notice as to the prohibited conduct or gave the police excessive discretion.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Rosenblatt, Graffeo and Read concur.
 

 In each case: Order affirmed in a memorandum.