The People of the State of New York, Respondent, 
against
John Jones, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Neil E. Ross, J.), rendered October 4, 2013, after a nonjury trial, convicting him of unauthorized sale or reproduction of a MetroCard, and imposing sentence.




Per Curiam.
Judgment of conviction (Neil E. Ross, J.), rendered October 4, 2013, affirmed. 
The accusatory instrument charging defendant with unauthorized sale or reproduction of a MetroCard (see 21 NYCRR § 1050.4[c]) was not jurisdictionally defective. Nonhearsay allegations established every element of the charged offense. The sworn police allegations that, as a "member of the New York Police Department, I am a custodian of the subway system" and that "defendant did not have permission or authority to sell a MetroCard in the subway system," were "sufficiently evidentiary in character" (see generally People v Allen, 92 NY2d 378, 385 [1998]) to establish the lack-of-permission element of the offense (see People v Jones, 49 Misc 3d 137[A], 2015 NY Slip Op 51542[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1110 [2016]). No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).
Defendant's guilt was proven by legally sufficient evidence and the verdict was not against the weight of the evidence. Two police officers testified that they observed defendant selling a MetroCard to an individual who then entered the subway by swiping the card defendant gave him. Upon being approached, defendant acted "belligerently" before stating that he sold enough MetroCards in a single year to earn "thirty thousand dollars" and that as a "self-employed" "entrepreneur," he planned to return to the same station and "continue selling swipes." This uncontroverted evidence was sufficient to support a finding that defendant sold the underlying MetroCard without the requisite "written permission" from the New York City Transit Authority (see People v Smith, 100 NY2d 571 [2003]; People v Jones,49 Misc 3d at 147[A]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 21, 2017