The People of the State of New York, Respondent, 
against
John T. Jones, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Gilbert C. Hong, J.), rendered July 9, 2014, after a nonjury trial, convicting him of unauthorized sale or reproduction of a MetroCard and unlawful solicitation in the subway, and imposing sentence.




Per Curiam.
Judgment of conviction (Gilbert C. Hong, J.), rendered July 9, 2014, affirmed. 
The accusatory instrument charging defendant with unauthorized sale or reproduction of a MetroCard (see 21 NYCRR § 1050.4[c]) was not jurisdictionally defective. Nonhearsay allegations established every element of the charged offense. The sworn police allegations that, as a "member of the New York Police Department, I am a custodian of the subway system" and that "defendant did not have permission or authority to sell a MetroCard in the subway system," were "sufficiently evidentiary in character" (People v Allen, 92 NY2d 378, 385 [1998]) to establish the lack-of-permission element of the offense (see People v Jones, 49 Misc 3d 137[A], 2015 NY Slip Op 51542[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1110 [2016]). 
Defendant did not preserve by specific objections his current claims regarding the legal sufficiency of the evidence supporting his conviction for unauthorized sale or reproduction of a MetroCard (see People v Gray, 86 NY2d 10 [1995]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the evidence that defendant approached a plainclothes police officer and offered to sell him subway system access for $2.00, an offer that included defendant putting the officer on the subway by swiping him with a single-ride Metrocard and culminated with defendant swiping a MetroCard at the turnstile to provide access to the subway, was sufficient to support a finding that defendant lacked the authority or permission to sell MetroCard "swipes" (21 NYCRR 1050.4[c]). One who swipes another person into the subway system for money but does not enter himself, clearly violates the purpose and plain language of 21 NYCRR 1050.4[c] (see People v Smith, 100 NY2d 571, 573 [2003]; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Penal Law 165.16 [*2][certain "schemes" are employed "to profit personally from the misuse of farecards," including "selling swipes"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 21, 2017