People v Cherry (2022 NY Slip Op 50953(U))

[*1]

People v Cherry (Charles)

2022 NY Slip Op 50953(U) [76 Misc 3d 136(A)]

Decided on September 30, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 30, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570245/18

People of the State of New York,
Respondent, 
against
Charles Cherry, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Judy H. Kim, J.), rendered March 12, 2018, after a nonjury trial, convicting him of
attempted criminal possession of a forged instrument in the third degree, unlawful sale or
reproduction of a Metrocard, unlawful solicitation in the subway, and loitering, and imposing
sentence.

Per Curiam.
Judgment of conviction (Judy H. Kim, J.), rendered March 12, 2018, affirmed.
Defendant's challenge to the legal sufficiency of the evidence with respect to the charge of
unauthorized sale or reproduction of a MetroCard, is unpreserved for appellate review (see People v Hawkins, 11 NY3d
484, 492 [2008]), and we decline to review it in the interest of justice. As an alternative
holding, we find, upon viewing the evidence in the light most favorable to the prosecution
(see People v Contes, 60 NY2d 620 [1983]), that it was legally sufficient to establish
defendant's guilt of attempted criminal possession of a forged instrument in the third degree
(see Penal Law §§ 110.00, 170.20) and unauthorized sale or reproduction of a
MetroCard (see 21 NYCRR 1050.4[c]). Nor was the verdict against the weight of the
evidence. There is no basis for disturbing the court's determinations concerning credibility. 
Nine (of the 29) MetroCards that defendant possessed were bent in the same location on their
magnetic strips in a manner that the arresting officer knew, based on his training and experience,
can obliterate the encoded data of the value remaining on the card and provide free access to the
subway system. Thus, the MetroCards defendant possessed were forged instruments (see People v Mattocks, 12 NY3d
326, 330-331 [2009]; People v
McFarlane, 63 AD3d 634, 635 [2009], lv denied 13 NY3d 837 [2009]; People v Taylor, 50 AD3d 358
[2008], lv denied 11 NY3d 795 [2008]). The circumstances of defendant's possession of
multiple forged MetroCards, his use of one of them to swipe the (plainclothes) officer through
the turnstile in exchange for [*2]$2.00, and his attempt to flee
when the officer identified himself, supported the inference that defendant knowingly possessed
the altered cards with the intent to defraud (see People v James, 101 AD3d 447 [2012], lv denied 20
NY3d 1062 [2013]), and further supported his guilt under 21 NYCRR 1050.4[c]. One who
swipes another person into the subway system for money but does not enter himself, clearly
violates the purpose and plain language of 21 NYCRR 1050.4[c] (see People v Smith,
100 NY2d 571, 573 [2003]; People v
Jones, 56 Misc 3d 128[A], 2017 NY Slip Op 50826[U][App Term, 1st Dept 2017];
William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Penal Law §
165.16 [certain "schemes" are employed "to profit personally from the misuse of farecards,"
including "selling 'swipes'"]).
Nor was the accusatory instrument jurisdictionally defective. The instrument sufficiently
alleged defendant's possession of a forged instrument, consisting of the bent MetroCards, as well
as information from which his knowledge and intent could be inferred (see People v
Mattocks, 12 NY3d at 330).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: September 30, 2022